Rupert **MADDOX**, Appellant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**D.C. Crim. App. No. 1998–241.**

District Court,
Virgin Islands,
St. Thomas Division.

Decided Nov. 1, 2000.

Harold W.L. Willocks, Chief Public Terr. Public Defender, St. Thomas, VI, for Appellant.

Lofton Holder, Assistant Attorney General, St. Thomas, VI, for Appellee.

Before Raymond L. Finch, Chief Judge of the District Court of The Virgin Islands; Thomas K. Moore, Judge of the District Court of The Virgin Islands; and Edgar D. Ross, Judge of the Territorial Court of The Virgin Islands, Division of St. Croix, sitting by designation.

## OPINION OF THE COURT

PER CURIAM.

At issue in this appeal is whether this Court should grant the Territorial Public Defender's motion to withdraw as counsel based on his assertion that he found no reversible errors in the transcript to appellant's trial and that any appeal would be frivolous and a waste of the Public Defend-er's resources and judicial economy. Finding that the Territorial Public Defender has not complied with the strictures of *Anders*, we will nevertheless grant the motion to withdraw and appoint new counsel to represent the appellant.

## I. FACTUAL AND LEGAL BACKGROUND

Ruppert Maddox ["Maddox" or "appellant"] was arrested on May 21, 1997, and charged with one count of knowingly and intentionally possessing a controlled substance, to wit, marijuana, with the intent to distribute or dispense by having 500 or more marijuana plants on his property in violation of 19 V.I.C. § 604(a). A jury trial commenced in Territorial Court on September 29, 1997.

At trial, the government presented evidence of 511 marijuana plants on land leased to Maddox in a farming area known as Bordeaux. Maddox responded that farmers in the area customarily determined their plots of land informally amongst each other, and that he did not understand the "metes and bounds" of his lease, much less farm by them. He denied farming the land on which the marijuana was found.

The jury deliberated more than two hours and sent three notes to the judge, without reaching a verdict. Maddox moved for a mistrial, which the court denied. (*See* App. at 311, 316.) The court recessed for the day. The next day, the jury returned a guilty verdict. On September 27, 1998, the judge sentenced Maddox to three years incarceration. Appellant filed a timely notice of appeal.

On September 13, 1999, Maddox's then attorney, Territorial Public Defender Harold W.L. Willocks ["Attorney Willocks" or "Territorial Public Defender"],[1] filed a motion to be relieved as counsel. He also

---

1. Mr. Maddox was represented at trial by Assistant Territorial Public Defender Ishmael A. Meyers, Jr., Esq., whose name appears in various court papers and on the Notice of Appeal. Attorney Willocks appears to have handled the appeal, however, since his name appears on the papers filed after the Notice of Appeal.

filed a brief stating that "[f]ollowing a diligent search of the record, counsel is unable to assert, in good faith, any appealable issues which would warrant reversal of Appellant's conviction." (*See* Br. of Appellant at 5.) Attorney Willocks continued:

> During a conversation with appellant, he related to Attorney Harold Willocks, that he (Appellant) felt that the Territorial Public Defender's Office was not trying "hard enough" on his case. In review of the rather lengthy record, this Office was unable to discern that there was any error committed at trial.
>
> This office filed a Motion to be relieved as counsel.
>
> Harold W.L. Willocks, Chief Territorial Public Defender personally, reviewed Mr. Maddox's trial transcript and discovered no indication of reversible trial error.
>
> Harold R. Washington, a former law professor, who is familiar with Appellate Practice and criminal Procedure, reviewed Mr. Maddox's trial transcript and discovered no indication of reversible trial error.
>
> There was decidedly no indication of ineffective assistance of counsel. Chief Territorial Public Defender Willocks wrote Mr. Maddox concerning these determinations and requested information regarding what basis he discerned in relation to any reversible error. A copy of the trial transcript was provided to Mr. Maddox. Mr. Maddox has not responded to this communication.

(*See id.*)

On February 3, 2000, Federal Magistrate Judge Geoffrey Barnard modified the briefing schedule to allow Maddox thirty days to respond to Attorney Willocks' mo-

tion to be relieved as counsel and to his brief. Maddox did not respond within the thirty days and has not responded since.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review final judgments and orders of the Territorial Court in criminal cases. *See* 4 V.I.C. § 33.[2] We exercise plenary review of claims of constitutional gravity. *See Nibbs v. Roberts*, 31 V.I. 196, 204, 1995 WL 78295 (App.Div.1995).

### B. There is a Strong Inference that Attorney Willocks Did Not Comb the Record for Appealable Issues.

■■■ On counsel's motion to withdraw from an appeal by an indigent defendant, a reviewing court must examine the proceedings to decide whether the case is wholly frivolous, *see Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), unless it chooses to employ some alternative method of ensuring that defendants' rights to effective representation are not compromised, *see Smith v. Robbins*, 528 U.S. 259, ——, 120 S.Ct. 746, 753, 145 L.Ed.2d 756 (2000) (states free to adopt procedures different from *Anders*, so long as those procedures adequately safeguard defendant's right to appellate counsel).[3]

We are not convinced that Attorney Willocks has scrutinized the record for appealable issues. Attorney Willocks' slim brief "fail[s] to draw attention to 'anything in the record that might arguably support the appeal,'" and therefore does not comport with *Anders* and progeny. *See Penson v. Ohio*, 488 U.S. 75, 81–82, 109 S.Ct.

**2.** *See* v.I. Code Ann. tit. 4, § 33 (1997 & Supp. 2000); Section 23A of the Revised Organic Act of 1954.

**3.** Although the Court of Appeals for the Third Circuit has adopted the *Anders* standard as its local rule, *see* 3rd Cir. LAR 109.2 (1993), the Virgin Islands Local Rule of Appellate Procedure does not require conformity with *Anders*.

Nevertheless, the Sixth Amendment right to assistance of counsel is made applicable to the Virgin Islands by section 3 of the Revised Organic Act, 48 U.S.C. § 1561, and we are guided by cases, such as *Anders* and *Smith*, which set forth procedures to safeguard this right.

346, 102 L.Ed.2d 300 (1988) (citing *Anders* ) (noting similarity of counsel's Certification of Meritless Appeal to that in *Anders* case). That it looks like and has the shape and color of an appellate brief does not conceal the fact that it is essentially the naked assertion of the type rejected in *Anders* for failing to draw the attention of the Court to any issues. *See Penson,* at 83, 109 S.Ct. 346 (Certification of Meritless Appeal "deprived the court of the assistance of an advocate in its own review of the cold record on appeal").

From Attorney Willocks' appendix, this Court cannot determine whether there were any pre-trial or post-trial motions and hearings which might reveal something "that might arguably support appeal." The jurors had questions on the land exhibits, Maddox's lease, and the metes and bounds of the land, (*see* App. at 309–21), and the issue of whether he actually farmed the area described by his lease was highly relevant to his defense. Yet Attorney Willocks did not include copies of the lease or these land exhibits.

From what appendix Attorney Willocks did file, it seems there may well be an issue "that might arguably support appeal." *See Anders* at 744, 87 S.Ct. 1396. Maddox's trial attorney moved for a mistrial during jury deliberations after the jury sent out three notes, one of which asked about questions not in evidence. (*See* App. at 309–21.) Another note stated "I cannot say [the marijuana plants] were put [on the leased land] by Mr. Maddox." (*Id.* at 314.) Still another note indicated that some jurors thought he was framed: "Someone wants him off that property pretty badly." (*Id.* at 315.) It is not necessary for us to hold that such events describe a meritorious basis for reversal. Rather, they go to whether Attorney Willocks' motion to withdraw refers to anything in the record that might arguably support the appeal. That these particular events were not even mentioned establishes a strong inference that Attorney Willocks did not comb the record for appealable issues.

## C. The Court Will Appoint New Counsel.

■ We have several options before us. We can deny Attorney Willocks' motion until he submits a brief in compliance with *Anders.* We can strictly adhere to *Anders* and conduct our own "full examination of all the proceedings, [and] if [we] find[ ] any of the legal points arguable on their merits (and therefore not frivolous), ... afford the indigent the assistance of counsel to argue the appeal." *See Anders* at 744, 87 S.Ct. 1396. We can also proceed in some alternative fashion, so long as Maddox's Sixth Amendment right to counsel is preserved. *See Smith, supra; see* Martha C. Warner, *Anders in the Fifty States: Some Appellants' Equal Protection is More Equal Than Others',* 23 FLA. ST. U.L. REV. 625, 642–62 (1996) (discussing states' approaches to, abandonment of, and alternatives to the Anders Brief to ensure effective representation of indigents on appeal).

Our holding is that attorneys practicing before the Appellate Division of the District Court of the Virgin Islands must submit an Anders Brief when seeking to withdraw as counsel for indigent criminal appellants. When they fail to do so, however, we remain open to whatever procedural options are available, so long as they accord with *Smith's* requirement that such procedures adequately safeguard defendant's right to appellate counsel. In this case, we believe that appointment of new counsel to represent Maddox on this appeal is required.

## III. CONCLUSION

Finding Attorney Willocks' brief not in conformity with *Anders,* we nonetheless will grant his motion to withdrawal. The Court will appoint new counsel to continue to represent Mr. Maddox, thereby safe-

guarding his Sixth Amendment right to the assistance of appellate counsel.