**Edgar PHIPPS, Appellant,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**No. Crim. App. No. 2000–68.**

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Considered Nov. 8, 2002.

Filed Jan. 10, 2003.

Nancy D'Anna, St. Thomas, U.S.V.I., for Appellant.

Maureen Phelan, Assistant Attorney General, U.S.V.I. Department of Justice, St. Thomas, U.S.V.I., for Appellee.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and EDGAR D. ROSS, Judge of the Territorial Court of the Virgin Islands, Division of St. Croix, Sitting by Designation.

## MEMORANDUM OPINION

PER CURIAM.

At issue in this appeal is whether this Court should grant Edgar Phipps' ["Phipps" or "appellant"] attorney's motion to withdraw as counsel based on her assertion that she finds no reversible error in the appellant's conviction or sentence. The record supports her averments that (1) a crowbar can constitute a "dangerous or deadly weapon" under v.I. CODE ANN. tit. 14, §§ 297(2) and 2251(a)(2); (2) the conviction is sufficiently supported by the evidence; and (3) the trial judge did not err in imposing Phipps' sentence. Because an appeal in this matter would be frivolous, we will grant her motion and dismiss this appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Edgar Phipps was charged in a three-count information with (1) possession of a dangerous or deadly weapon, in violation of 14 V.I.C. § 2251(a)(2) (Count I); (2) assault with a deadly weapon, in violation of 14 V.I.C. § 297(2) (Count II); and (3) assault and infliction of serious bodily injury, in violation of 14 V.I.C. § 297(4) (Count III).

Evidence presented at trial revealed that on May 25, 1999, Phipps was using a crowbar to remove tree stumps from his property. (App. at 97–99.) Babatunde Francis ["Francis"], Phipps' neighbor, left his home and proceeded to walk by Phipps' house. Phipps attacked Francis with a crowbar, hitting him once in the chest and knocking him to the ground. Francis was unable to breathe, and could not pick himself up off the ground. He grabbed the crowbar in an attempt to take it from Phipps, but was unsuccessful. While

Francis was on the ground, Phipps struck him two times on his back. Francis testified that Phipps then raised the crowbar a third time, intending to strike him on the head, but stopped when Francis' mother and another individual, Antonio Foy ["Foy"], called out to him. Francis maintained that he was not carrying anything in his hands, and did not attempt to hit the appellant. Francis was taken by ambulance for treatment at the hospital. (*Id.* at 20–26, 48–50.) Both Francis' mother and Foy corroborated Francis' account of the events that day. (*Id.* at 140–41; Supp. App. (B) at 179–85, 199–218.) Moreover, Dr. David Boaz ["Dr. Boaz"] testified that Francis had injuries consistent with such an attack. (Supp. at 54–79.)

In his defense, Phipps averred that Francis said something to him, then slapped him, grabbed his hair, and threw something at him. Phipps testified that he hit Francis twice about his body because Francis was going to attack him with a knife. (*Id.* at 100–103, 108–09.)

After the three-day bench trial, Phipps moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a), arguing that (1) the crowbar was not a deadly weapon as defined under 14 V.I.C. § 2251(a)(2); (2) Francis' injuries were not serious as required for a conviction under 14 V.I.C. § 297(4) (Count III); and (3) he acted in self-defense. The Territorial Court judge granted Phipps' motion with respect to Count III, finding that the government failed to establish that Phipps caused Francis serious bodily injury, and dismissed the charge. The trial judge rejected Phipps' other arguments and denied the motion with respect to Counts I and II, possession of a dangerous or deadly weapon and assault with a dead-

ly weapon. (*Id.* at 83–96, 154–56.) Phipps was sentenced to three years' imprisonment for each count, the sentences to run consecutively. In addition, Phipps was fined $1,000 for each offense. Phipps timely appealed his conviction.

Phipps' attorney moves to withdraw on the ground that this appeal is without merit. She has filed a brief ["*Anders* brief"] in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to which the appellant has not responded.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review final judgments and orders of the Territorial Court in criminal cases. *See* 4 V.I.C. § 33; Section 23A of the Revised Organic Act[1]. We exercise plenary review over claims of constitutional gravity. *Maddox v. Government of the Virgin Islands,* 121 F.Supp.2d 457, 459 (D.V.I.App.Div.2000) (citing *Nibbs v. Roberts,* 31 V.I. 196, 204, 1995 WL 78295 (D.V.I.App.Div.1995)).

### B. No Reversible Error Exists under *Anders v. California*

When an indigent defendant's attorney seeks to withdraw from an appeal, the reviewing court must examine the proceedings to determine whether an appeal is wholly frivolous. *See Anders,* 386 U.S. at 744, 87 S.Ct. 1396. We have held that attorneys practicing before this Court must submit an *Anders* brief when seeking to withdraw as counsel for indigent criminal appellants. *See Maddox,* 121 F.Supp.2d 457 at 460.

---

1. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. CODE ANN. 73– 177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

In her *Anders* brief, Phipps' attorney identified the following arguable colorable issues on appeal: (1) the crowbar did not constitute a "dangerous or deadly weapon" under 14 V.I.C. §§ 297(2) and 2251(a)(2); (2) the evidence insufficiently supported his conviction; and (3) his sentence was unlawfully imposed. This Court *sua sponte* examined the issue whether the evidence established that Phipps had the requisite intent to unlawfully use a dangerous weapon under 14 V.I.C. § 297(2). Each of these issues will be addressed in turn.

### 1. The Trial Judge Correctly Found that a Crowbar could Constitute a "Dangerous or Deadly Weapon" under 14 V.I.C. §§ 297(2) and 2251(a)(2)

We exercise plenary review over issues of statutory interpretation. *Virgin Islands ex rel. Larsen v. Ruiz*, 145 F.Supp.2d 681, 685 (D.V.I.App.Div.2000). Virgin Islands law criminalizes the unlawful use of knives, knuckles, bludgeons, or "any other dangerous or deadly weapon" against another individual. 14 V.I.C. § 2251(a)(2). Similarly, in this jurisdiction, third-degree assault is defined as an assault upon another with a "deadly weapon." 14 V.I.C. § 297(2). Neither provision, however, defines a "dangerous" or "deadly" weapon. In *Government of the Virgin Islands v. Robinson*, the United States Court of Appeals for the Third Circuit addressed whether, under 14 V.I.C. § 926 (excusing homicide when in self-defense), a two-by-four piece of wood could constitute a "dangerous weapon."[2] 29 F.3d 878, 882–886 (3d Cir.1994). After looking to the jurisprudence of states with similar excusable-homicide statutes, the

Court decided to apply the common law standard of a "deadly weapon" in determining whether an object constituted a "dangerous weapon":

> A deadly weapon is one which, from the manner used, is calculated or likely to produce death or serious bodily injury. Thus whether a weapon is deadly depends upon two factors: (1) what it intrinsically is and (2) how it is used. If almost anyone can kill with it, it is a deadly weapon when used in a manner calculated to kill. Thus the following items have been held to be deadly weapons in view of the circumstances of their use: ... iron bars, baseball bats, bricks, rocks, ice picks, automobiles, and pistols used as bludgeons.

*Id.* at 886 (quoting WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., HANDBOOK ON CRIMINAL LAW 537 (1972)). The Court concluded that, under this standard, a two-by-four piece of wood could constitute a deadly weapon when swung at someone. *Id.*

■ Under *Robinson*, when Phipps struck Francis with the crowbar, it became a weapon that was likely to cause death or serious injury. The trial judge thus properly denied Phipps' Rule 29 motion, and Phipps' attorney correctly maintains that an appeal on this issue would be frivolous.

### 2. Phipps' Conviction is Sufficiently Supported by the Evidence Adduced at Trial

In reviewing the sufficiency of the evidence to support a conviction, a trial court's judgment will be sustained if, viewing the evidence in the light most favorable to the government, a reasonable trier of fact could find the defendant guilty be-

---

**2.** Virgin Islands law excuses homicide "when committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat,

when no undue advantage is taken, nor *any dangerous weapon used,* and when the killing is not done in a cruel or unusual manner." 14 V.I.C. § 926(2) (emphasis added).

yond a reasonable doubt of every element of the offense. *See Georges v. Government of the Virgin Islands,* 119 F.Supp.2d 514, 523 (D.V.I.App.Div.2000), *aff'd,* 265 F.3d 1055 (3d Cir.2001). We may overturn Phipps' conviction "only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *United States v. Anderson,* 108 F.3d 478, 481 (3d Cir.1997) (quoting *United States v. McNeill,* 887 F.2d 448, 450 (3d Cir.1989)).

Section 2251(a)(2) of Title 14 of the Virgin Islands Code punishes anyone who

> ... with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stiletto, *or any other dangerous or deadly weapon* ....

14 V.I.C. § 2251(a)(2) (emphasis added). Similarly, Title 14 section 297 criminalizes assault "with a deadly weapon."

■ Here, to convict on both counts, the government had to show that Phipps (1) had a "deadly or dangerous weapon" and (2) he struck Francis with it. Francis testified that Phipps assaulted him with a crowbar, knocking him to the ground. Francis' testimony alone reasonably could have convinced a jury to convict Phipps of the charges against him. *See Lewis v. Virgin Islands,* 77 F.Supp.2d 681, 684 (D.V.I.App.Div.1999) (noting that the "uncorroborated testimony of a victim ... is sufficient evidence for conviction") (quoting *Government of the Virgin Islands v. Peets,* Crim. No. 82–11, slip. op. (D.V.I. Div. St. Thomas & St. John Oct. 29, 1982)). Francis' testimony, however, was corroborated by that of two eye-witnesses to the incident, in addition to medical evidence indicating that he sustained injuries consistent with such an attack. Phipps' conviction is more than sufficiently supported by evidence adduced at trial, and Phipps' counsel correctly asserts that an insufficiency of the evidence claim would be frivolous.

In addition, we raised *sua sponte* the arguably colorable claim that Phipps lacked the requisite *mens rea* to be convicted under 14 V.I.C. § 2251(a)(2). It is clear from the facts of this case, however, that Phipps intended to harm Babatunde Francis, and his actions were not accidental. Thus, this claim, too, would be frivolous.

### 3. The Sentencing Judge Properly Imposed Phipps' Sentence in Accordance with Virgin Islands Law

At the time Phipps was sentenced, 14 V.I.C. § 2251(a)(2)(B) provided that a defendant convicted of possession of a deadly weapon with the intent to use it unlawfully against another "shall be fined not more than $2,000 or imprisoned not more than [five] years, or both" if he has previously been "convicted of a felony."[3] Similarly, 14 V.I.C. § 297(2) provides that a person convicted of third-degree assault "shall be fined not less than $500 and not more than $3,000 or imprisoned not more than [five] years or both." The trial judge sentenced Phipps to three years' imprisonment each for Counts I and II, to run consecutively. In addition, she fined Phipps $1,000 for each crime. Both of these sentences are permissible under the Virgin Islands Code, and the trial judge thus properly exercised her discretion in sentencing Phipps.

---

**3.** Phipps previously had been convicted of third-degree assault and possession of a dangerous weapon, thus requiring the enhanced sentence under 14 V.I.C. § 2251(a)(2)(B). (*See* Supp.App. at 169.) Title 14 section 2251 subsequently was amended in 2001, and now provides that a felon convicted of this crime "shall be fined $10,000 and imprisoned not more than fifteen (15) years."

## III.  CONCLUSION

Upon reviewing the record before us, we are convinced that any appeal in this matter would be frivolous.  We agree that Phipps' conviction is sufficiently supported by the evidence and that the crowbar used in the attack on Francis constitutes a deadly weapon under 14 V.I.C. §§ 297(2) and 2251.  Furthermore, the trial judge properly exercised her discretion in sentencing Phipps.  Accordingly, this Court will grant Phipps' attorney's motion, permit her to withdraw from this matter and dismiss this appeal.