**Joel FAHIE, Appellant,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee.**

**No. D.C.CRIM.APP.1998–12.**

District Court, Virgin Islands, Appellate Division, St. Thomas Division.

Considered: May 16, 2002.

July 28, 2003.

Stephen A. Brusch, Esq., St. Thomas, VI, for Appellant.

Joel H. Feld, Esq., Assistant Attorney General, Department of Justice, St. Thomas, VI, for Appellee.

Before RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and DARRYL DEAN DONOHUE, Judge of the Territorial Court, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

## I. SUMMARY

Appellant Fahie argues that we should reverse his conviction and dismiss the information because there was not substantial evidence from which a rational juror could find him guilty beyond a reasonable doubt. We will affirm the decision of the territorial court.

## II. PROCEDURAL HISTORY

On October 9, 1997, Ecedro Linquist was robbed in the Jah Yard area in Hospital Ground on St. Thomas. Fahie was one of two persons arrested and charged with the crime.

On November 6, 1997, appellant was arraigned and entered a plea of not guilty and demanded a jury trial. (App.5.) Various motions for reduction of bail were filed and subsequently denied. On March 6, 1998, the Territorial Court held a final pretrial conference and consolidated appellant's case with the case of Steve Corcino, Case No. F438/1997. (*Id.* 9–10.)

This matter came on for jury selection on March 9, 1998, and for trial on March 11, 1998. The jury returned a guilty verdict on March 12, 1998. (*Id.* 10.)

Appellant filed motions for acquittal, both *pro se* and through counsel. Both motions were denied. (*Id.* 11.)

On May 12, 1998, the Territorial Court sentenced appellant to fifteen (15) years incarceration, with five (5) years suspended. (*Id.* 12.) This timely appeal followed.

## III. FACTUAL HISTORY

On October 9, 1997, two persons robbed Ecedro Linquist at gunpoint, taking a radio, his wallet, two chains, and a ring. App. 36. The robbery took place near the area known as Jah Yard in the Hospital Ground, Charlotte Amalie, St. Thomas. That evening, Linquist was driving his friend Natasha Vigor to her home in the Jah Yard area. (*Id.* 24–25, 29.)

While driving to Vigor's house, Linquist passed Corcino and Joel Fahie, who were sitting on either side of the street. Linquist parked under a street light by Vig-

or's house and stayed in the house for about 15 minutes. (*Id.* 30–32.)

When Linquist left the house, Corcino, armed with a gun, approached Linquist. Linquist could identify Corcino because the latter was wearing a light stocking mask and the same clothes he had been wearing minutes before when Linquist drove past him. (*Id.* 33.) Linquist attempted to escape but was stopped by appellant. While Linquist could not see Fahie's face, he identified appellant by the dark color of his skin, his hair, his body type, and the clothes he was wearing. (*Id.* 26–28, 35–36, 43.) Linquist testified that he was certain that it was appellant who had robbed him. (*Id.* 41–42.)

The jury found appellant and Corcino guilty of robbery.

## IV. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to consider the judgments and orders of the Territorial Court in criminal cases. 4 V.I.C. § 33; Section 23A of the Revised Organic Act of 1954.[1]

The standard of review is whether there is substantial evidence for a rational trier of fact to have found appellant guilty beyond a reasonable doubt, when viewing the evidence in the light most favorable to the government.

### B. Whether There Was Substantial Evidence Upon Which A Rational Juror Could Have Found Appellant Guilty

 Fahie argues that the evidence presented at trial was insufficient for the jury to find that he engaged in the robbery of Ecedro Lindquist. "In reviewing the sufficiency of the evidence to support a conviction, a trial court's judgment will be sustained if, viewing the evidence in the light most favorable to the government, a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt of every element of the offense." *Phipps v. Gov't of V.I.*, 241 F.Supp.2d 507, 510–11 (D.Virgin Islands 2003) (citations omitted). We may overturn Fahie's conviction "only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *Id.*

> An appellate court must sustain the verdict of a jury if there is substantial evidence, viewed in the light most favorable to the Government, to uphold the jury's decision. In determining whether evidence is sufficient, we will not weigh evidence or determine the credibility of witnesses. Appellate reversal on the grounds of insufficient evidence should be confined to cases where the failure of the prosecution is clear. The evidence need not be inconsistent with every conclusion save that of guilt, so long as it establishes a case from which a jury could find the defendant guilty beyond a reasonable doubt. A defendant challenging the sufficiency of the evidence bears a heavy burden. The fact that the evidence is circumstantial does not make it less probative on the issue of guilt in a criminal prosecution.

*Robinson v. Gov't of the V.I.*, 2002 U.S. Dist. LEXIS 24278, *5 (D.V.I.App.Div. 2002) (citations omitted).

In this case, the jury considered the evidence presented by the government tending to prove that appellant was the

---

1. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted* in V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1).

second perpetrator, and found appellant guilty beyond a reasonable doubt. Because there is a logical and convincing nexus between the evidence and the guilty verdict, the jury verdict must stand.

## V. CONCLUSION

The jury's verdict was supported by the evidence introduced at trial and will not be disturbed by this Court. The decision of the Territorial Court will be affirmed.

### ORDER OF THE COURT

**AND NOW**, this 28th day of July, 2003, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the decision of the Territorial Court is **AFFIRMED**.