Hiram Rasool ABIFF, II, Appellant,

v.

GOVERNMENT OF THE VIRGIN
ISLANDS, Appellee.

No. CRIM.A.2002–35.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Considered: Oct. 31, 2003.

Filed: April 15, 2004.

Debra S. Watlington, Esq., Territorial Public Defender, St. Thomas, VI, for Appellant.

Joel H. Feld, Esq., Assistant Attorney General, Department of Justice, St. Thomas, VI, for Appellee.

Before RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and MARIA M. CABRET, Presiding Judge of the Territorial Court, Sitting by Designation

## MEMORANDUM

PER CURIAM.

## I. SUMMARY

Appellant Abiff argues that the Territorial Court improperly denied his motions for judgment of acquittal, for new trial, and to vacate judgment. We conclude to the contrary and will affirm the conviction.

## II. FACTUAL AND PROCEDURAL HISTORY

On or about October 9, 1998, Gerald Mercer was robbed at Oswald Harris Court Housing Community. After reviewing a photo album at the Virgin Islands Police Department, Mercer identified the appellant, Hiram Rasool Abiff, II, and another individual, James Donovan as the persons who robbed him. Abiff and James Donovan were arrested on November 12, 1998.

In an Amended Information filed February 16, 2000, the government charged appellant with the following crimes:

Count I: Robbery in the First Degree in violation of 14 V.I.C. § 1862(2);

Count III: Possession of a Dangerous or Deadly Weapon with Intent to Use

It Unlawfully Against Another in violation of 14 V.I.C. § 2251(a)(2);

Count V: Grand Larceny in violation of 14 V.I.C. §§ 1081 and 1083(2).[1]

Appellant plead not guilty and faced trial by jury on February 16 and 17, 2000. The jury found Abiff not guilty of Counts I and III, and guilty of Count V.

Motions for judgment of acquittal, for a new trial, and to vacate the guilty verdict were filed on February 28, 2000. On March 10, 2000, Abiff was sentenced to two years incarceration with one and one-half years suspended and credit for time served and to supervised probation for one year upon release. On even date, Abiff filed a motion requesting stay of execution of the commitment order and immediate release pending ruling on the outstanding motions filed on February 28. Subsequently, on March 14, 2000, Abiff filed a notice of appeal, a motion for release pending appeal, and for a stay of execution of sentence of imprisonment. On March 30, 2000, the trial court issued an order granting Abiff's motion requesting stay of execution of order for commitment and immediate release pending ruling on outstanding motions.

The trial court denied the motions for judgment of acquittal, for a new trial, and to vacate the guilty verdict in an Order dated February 22, 2002. Abiff filed a timely notice of appeal on March 21, 2002.

## III. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to consider the judgments and orders of the territorial court in criminal cases. 4 V.I.C. § 33; Section 23A of the Revised Organic Act of 1954.[2]

---

1. Counts II, IV, and VI constituted charges against co-defendant James Donovan.

2. *See* Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C.

■ In reviewing the sufficiency of the evidence to support a conviction, a trial court's judgment will be sustained if, when viewing the evidence in the light most favorable to the government, a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt of every element of the offense. *Phipps v. Government of the Virgin Islands,* 241 F.Supp.2d 507, 510–511 (D.Virgin Islands 2003), *citing Georges v. Government of the Virgin Islands,* 119 F.Supp.2d 514, 523 (D.Virgin Islands 2000), *aff'd,* 265 F.3d 1055 (3d Cir. 2001). As in *Phipps,* this Court may overturn the appellant's conviction "only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *Id.,citing United States v. Anderson,* 108 F.3d 478, 481 (3d Cir.1997) (*quoting United States v. McNeill,* 887 F.2d 448, 450 (3d Cir.1989)).

■ The appellant's second argument, that the trial court unconstitutionally denied his Sixth Amendment right to trial by an impartial jury, is considered under plenary review. The Appellate Division exercises plenary review over claims of constitutional gravity. *Id.* at 509 (*citing Maddox v. Government of the Virgin Islands,* 121 F.Supp.2d 457, 459 (D.Virgin Islands 2000) (*citing Nibbs v. Roberts,* 1995 WL 78295, 31 V.I. 196, 204 (D.Virgin Islands 1995))).

**B. Whether there was substantial evidence from which a rational jury could find appellant guilty beyond a reasonable doubt of grand larceny**

■ All of the evidence presented at trial by the government was that the victim was robbed by use of force, violence, and fear. Abiff claims that therefore the only decision a rational jury could make is that the perpetrator committed the crime of robbery in the first degree, and not grand larceny. As the trial court stated in its order, "[t]his argument is without merit." App. 26.

The Court of Appeals for the Third Circuit has addressed the essential elements of Grand Larceny. *Government of Virgin Islands v. Brown,* 685 F.2d 834 (3d Cir. 1982). The *Brown* trial court gave the following instruction to the jury:

Our code makes it a crime for any person, who, with intent to do the same, unlawfully takes, steals or carries away the personal property of another.

Before you may convict a defendant of the crime of Grand Larceny, you must find each of the essential elements of the crime beyond a reasonable doubt:

(1) Defendant unlawfully took, stole or carried away the victim's property.

(2) Defendant had the specific intent to so take the property.

(3) Defendant had the specific intent to permanently deprive the owner of the property.

(4) The property was worth $100.00 or more.

(5) That the event occurred in the Judicial Division of [St. Thomas] on or about the [day specified in the indictment]. Grand Larceny also requires proof of specific intent . . . .

*Id.* at 837–838.

Here, the evidence showed that Abiff and his accomplices took a watch, a chain, a bracelet, and a beeper from the victim. (App.146.) The property taken was worth from three to four thousand dollars. (App. 154.) The jury could properly infer that the assailants intended to take and permanently deprive the victim of the property.

§§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. Code Ann. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. Code Ann. tit. 1).

There was substantial evidence for a rational jury to find the appellant guilty beyond a reasonable doubt of grand larceny.

## C. Whether the foreperson of the jury engaged in misconduct that denied the appellant of a fair trial

■ The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury ...." [3] Abiff argues that he was denied a fair trial because he was prejudiced by a juror failing to reveal her knowledge of appellant and his alibi witness. After the jury returned its verdict, it was discovered that the jury foreperson, Pauline Martin, was acquainted with Abiff. (App.42–43.) Martin was a neighbor of the Abiff family. She also knew Abiff's alibi witness and fiancee, Collette Boyce.[4]

Martin did not affirmatively respond to *voir dire* questions inquiring whether any of the prospective jurors had knowledge of appellant or his witnesses. After the trial, however, the trial court questioned Martin about her relationship to Abiff and his witness at a hearing on March 22, 2001. The judge asked: "If I asked you with respect to the young Abiff sitting there whether you recognize him at all as being a relative by blood or by marriage, a friend, a co-worker or someone who has helped you in the past or someone who has offended you in the past, what would your answer be?" The juror answered: "No." (App.375.) The trial court then inquired whether "at the time of your voir dire when you were questioned with respect to Mr. Abiff, was there anything that you recall in your relationship with Mrs. Abiff

back then that would have caused you to feel one way or anther towards Mr. Abiff?" The juror again answered: "No."

The Supreme Court of the United States has addressed the issue of a fair trial and impartial jury.

One touchstone of a fair trial is an impartial trier of fact—"a jury capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips*, 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). *Voir dire* examination serves to protect that right by exposing possible biases, both known and unknown, on the part of potential jurors. Demonstrated bias in the responses to questions on *voir dire* may result in a juror's being excused for cause; hints of bias not sufficient to warrant challenge for cause may assist parties in exercising their peremptory challenges. The necessity of truthful answers by prospective jurors if this process is to serve its purpose is obvious.

*McDonough Power Equip. v. Greenwood,* 464 U.S. 548, 554, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). The Court went on to announce a test to apply when a new trial is requested in such a situation.

We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that

---

3. The Sixth Amendment is made applicable to the Virgin Islands by section 3 of the Revised Organic Act. *See* Revised Organic Act of 1954 § 3, 48 U.S.C. § 1561.

4. Martin's daughter was living with Boyce's brother and is the mother of his children. At the hearing on March 22, 2001, Martin admitted that she was unhappy with the relationship between her daughter and Boyce's brother. App. 269, 380.

affect a juror's impartiality can truly be said to affect the fairness of a trial. *Id.* at 556, 104 S.Ct. 845.

The record here reflects that the foreperson failed to respond to a material question on *voir dire.* She did not reveal that she knew the Abiff family by name, that she knew the Abiff's alibi witness by name, that the appellant's witness is the aunt of the juror's grandchildren, and that she did not approve of the witness's brother's relationship with the juror's daughter. The failure of the juror to disclose these facts might meet the first prong of the *McDonough* test, namely, the failure to answer a material question.

██ We find, however, that Abiff has failed to meet the second prong. The juror's correct responses would not necessarily have provided a valid basis for a challenge for cause. The question to have been asked if the juror had responded would have been whether she could nevertheless be fair and impartial and decided the case solely on the facts and law. The trial judge inquired into this after the fact and was satisfied with the juror's impartiality. Whether or not counsel might have exercised a peremptory challenge to strike the juror, a court will not, grant a new trial merely because a juror responds erroneously but in good faith. *Neal v. John* 110 F.R.D. 187, 190 (D.Vi.1986).

Discussing challenges for cause, the Territorial Court has previously explained that

> [a]s a general matter, the removal for cause of vernirepersons occurs only upon the discovery of a narrowly specified, provable, and legally cognizable basis of partiality, such as personal relationship with a party, witness, or attorney in litigation, or a biased state of mind concerning a party or issue in case. In this case, the prospective jurors stated that, in spite of their experiences and backgrounds, they believed

that they could render an impartial verdict. In the absence of any evidence to suggest that either of the prospective jurors falsely affirmed their impartiality, they must be taken at their word. Thus, this Court is satisfied that it did not abuse its discretion in refusing to dismiss for cause [the venirepersons]." *Virgin Islands v. Joseph,* 2002 WL 31309359, *5, 2002 V.I. LEXIS 26, 22–23 (Terr.V.I.2002)(internal citations and quotation marks omitted). The situation in *Joseph* is similar to that in the case at bar. The trial court went into great detail in its questioning of the juror about her relationship with Abiff and his witnesses and was able to observe her demeanor and reactions to the questions. We decline to second guess the trial judge's determination that the juror was impartial on the basis of the cold record.

Similarly, the Superior Court of Pennsylvania has noted that a prospective juror should be excused for cause in the situation "where, irrespective of the answers given on voir dire, the court should presume the likelihood of prejudice on the part of the prospective juror because the potential juror has such a close relationship, be it familial, financial, or situational, with any of the parties, counsel, victims or witnesses." *Commonwealth v. Johnson,* 299 Pa.Super. 172, 177, 445 A.2d 509 (1982) (citations omitted). The court noted, however, that "[n]ot every familial or situational relationship will justify a finding that a prospective juror would be likely not to be impartial." *Id.* at 181, 445 A.2d 509. We find no fault with the trial court's determination that this was not such a situation giving rise to a finding of partiality.

We add an eschatocol of sorts. There is no basis to suggest that Abiff attempted to "sandbag" the government and the court by failing to alert the trial court to his relationship with the juror, only to raise

the issue after an unfavorable verdict. We note, of course, that as a general matter, the defendant also has a responsibility in calling any relationship with a potential juror to his attorney's and the trial court's attention.

## IV. CONCLUSION

Because the jury's findings are adequately supported by the evidence and the appellant was not unfairly prejudiced by juror misconduct, this Court will affirm appellant's conviction.

### ORDER

**AND NOW,** this 15th day of April, 2004, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Memorandum of even date, it is hereby

**ORDERED** that the decision of the Territorial Court is **AFFIRMED.**