# CHEIKH HUNT, Appellant
## v.
## GOVERNMENT OF THE VIRGIN ISLANDS, Appellee
## HUNT v. GOVERNMENT OF THE VIRGIN ISLANDS

D.C. Crim. App. No. 2003/030

District Court of the Virgin Islands

Division of St. Croix

March 14, 2005

*For Appellant*: HAROLD WASHINGTON, TPD, St. Croix, U.S.V.I.

*For Appellee*: MAUREEN PHELAN, AAG, St. Croix, U.S.V.I.

FINCH, *Chief Judge, District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and KENDALL, *Judge of the Territorial Court, Sitting by Designation*[1]

## MEMORANDUM OPINION

### (March 14, 2005)

Appellant challenges his conviction below on constitutional grounds. He asks this Court to review:

1. Whether title 14, section 2256(a) of the Virgin Islands Code, prohibiting the possession of ammunition, is unconstitutionally vague; and

2. Whether the sentence mandated by title 14, section 2256(a) and title 23, section 481(b), as imposed by the Territorial Court, constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

For the reasons which follow, the appellant's conviction and sentence will be affirmed.

## I. FACTS AND PROCEDURAL HISTORY

Following a jury trial, the appellant, Cheikh A. Hunt ["appellant," "Hunt"], was convicted of unauthorized possession of an unlicensed firearm under title 14, section 2253(a) of the Virgin Islands Code; unauthorized possession of ammunition under section 2256(a); and possession of a firearm with an obliterated serial number in violation of title 23, section 481(a), (b) of the Virgin Islands Code. By judgment entered September 15, 2003, the court sentenced Hunt to six months imprisonment and a fine of $15,000 for his conviction under section 2253(a); seven years imprisonment and a fine of $10,000 for his conviction under section 2256(a); and 15 years without the possibility of parole for his conviction under 23 V.I.C. § 481(b). [Joint Appendix ("J.A.") at 8-9]. The court ordered that those sentences be served concurrently. [*Id.*] This appeal followed.

---

[1] Judge Moore retired on January 3, 2005.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review the judgments and orders of the Territorial Court in criminal cases, except those resulting from a guilty plea which present no constitutional considerations. *See* V.I. CODE ANN. tit. 4, § 33 (1997 & Supp. 2003). The trial court's application of legal precepts or its interpretation of statute is subjected to plenary review; however its factual determinations are reviewed for clear error. *See HOVIC v. Richardson*, 894 F. Supp. 211, 32 V.I. 336 (App. Div. 1995); *In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000).

### B. Vagueness Challenge

Appellant first argues the statute under which he was convicted is unconstitutionally void for vagueness in its failure to specify those implicitly exempted from its reach under a companion statute.[2] The gravamen of appellant's argument in that regard is that 14 V.I.C. § 2256, which prohibits the possession of ammunition, is fatally defective in its failure to address the categories of persons who may lawfully carry firearms under title 23, sections 453 and 454 of the Virgin Islands Code and who are also necessarily exempt from its reach.

A criminal statute is impermissibly vague, in violation of the Fourteenth Amendment to the United States Constitution,[3] where it fails to give fair notice of the conduct that would subject one to penal consequences and where it sets no standards for its enforcement. *See Connally v. General Const. Co.*, 269 U.S. 385, 391, 70 L. Ed. 322, 46 S. Ct. 126 (1926); *Kolender v. Lawson*, 461 U.S. 352, 357-358, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983). The test for "fair notice" required to survive a vagueness challenge is whether the criminal conduct is stated with sufficient clarity such that men of ordinary intelligence can understand what conduct is prohibited, and where its enforcement is not

---

[2]    The trial court rejected appellant's pre-trial constitutional challenge to the charges under sections 2253(a) and 2256. [J.A. at 12].

[3]    The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, § 1 (applicable to the Virgin Islands by virtue of Section 3 of the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), reprinted in V.I. CODE ANN., Historical Documents (preceding title 1 of the V.I. Code).

left to the discretion of law officers. *See Connally*, 269 U.S. at 391. To prevail on a vagueness challenge, it is not sufficient to show that the statute may be generally vague in relation to others; rather, a defendant must establish that the challenged statute is unconstitutionally vague as personally applied to his circumstance. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494-495, 71 L. Ed. 2d 362, 102 S. Ct. 1186 (1982); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1199-1200 (3d Cir. 1988). Thus, a defendant is precluded from successfully mounting a vagueness challenge where his conduct is clearly proscribed by the statute, "even though the statute may well be vague as applied to others." *Rode*, 845 F.2d at 1199 (noting defendant has no standing to challenge vagueness where he clearly falls within the statute) (citations omitted); *Virgin Islands v. Steven*, 962 F. Supp. 682 (D.V.I. App. Div. 1997). Moreover, "Where the general class of offenses can be made constitutionally definite by reasonable construction of the statute, the reviewing court has a duty to give the statute that construction." *Steven*, 962 F. Supp. at 684-85 (citations omitted).

The challenged statute under which Hunt was convicted provides in pertinent part:

> Any person who, unless authorized by law, possesses, sells, purchases, manufactures, advertises for sale, or uses any firearm ammunition shall be guilty of a felony and shall be fined not less than $10,000 and imprisoned not less than seven years.

14 V.I.C. § 2256(a) (Supp. 2003). Law enforcement officers are expressly exempted from the reach of the statute, as are certain devices utilized by the United States Coast Guard and those utilized for certain industrial purposes. *See id.* at § 2256(c)(3),(e). The statute further defines "firearm ammunition" which it prohibits to include "any self-contained cartridge or shotgun shell, by whatever name known, which is designed to be used or adaptable for use in a firearm" as defined in title 23, section 451(d). *Id.* at § 2256(c)(2). The touchstone of criminal culpability under section 2256 is the absence of authorization to possess such ammunition. Whether a defendant is so authorized by the exceptions to the statute is an affirmative defense on which he bears the burden of proof, as section 2256 provides: "An information based upon a violation of this section need not negate any exemption herein contained. The defendant shall have the burden of proving such an exemption." 14 V.I.C. § 2256(f).

It is apparent Hunt did not assert at trial, nor does he assert here, that he fell within any of the exemptions under section 2256. Moreover, Hunt was additionally convicted of violating title 14, section 2253(a) of the V.I. Code, which prohibits the unlawful possession of a firearm. Conviction under that section requires proof that a defendant possessed a firearm and that such possession was without authority of law. *See* 14 V.I.C. § 2253; *see also United States v. McKie*, 112 F.3d 626, 36 V.I. 367 (3d Cir. 1997). To prove lack of authority for conviction under section 2253(a), the government is merely required to affirmatively establish that Hunt was not duly licensed to carry a firearm under Virgin Islands law. *See e.g., McKie*, 112 F.3d at 631 (noting elements of section 2253 requires proof of possession and absence of license and any exemptions therefor are affirmative defenses rather than elements of the crime); *see also, Toussaint v. Virgin Islands*, 301 F. Supp. 2d 420, 421 (D.V.I. App. Div. 2004); 23 V.I.C. § 454.[4] The jury's conviction under section 2253(a) indicates the government met its burden of proof as to that element. Whether Hunt also came within the protection of title 23

---

[4]  A firearm may be lawfully had, possessed, borne, transported or carried in the Virgin Islands by the following persons, provided a license for such purpose has been issued by the Commissioner in accordance with the provisions of this chapter:

(1)  An officer or employee of the Government of the Virgin Islands in cases where such license, in the judgment of the Commissioner, should be issued to such officer or employee by reason of the duties of his position,

(2)  An agent, messenger or other employee of a common carrier, bank or business firm, whose duties require him to protect money, valuables or other property in the discharge of his duties; And provided, That the employer of such person shall have justified to the satisfaction of the Commissioner the need for the issuance of the license [sic];

(3)  A person having a bona fide residence or place of business within the Virgin Islands, who established to the satisfaction of the Commissioner that he has good reason to fear death or great injury to his person or property, or who establishes any other proper reason for carrying a firearm, and the circumstances of the case, established by affidavit of the applicant and of at least two credible persons, demonstrate the need for such license;

(4)  A person licensed to and actively engaged in the business of manufacturing, repairing or dealing in firearms in the Virgin Islands, or the agents or representatives of any such person, having necessity to handle or use firearms in the usual or ordinary course of business;

(5)  With respect to a rifle or a shotgun a person possessing a valid and current Virgin Islands hunting license.

23 V.I.C. § 454 (1993).

section 453 of the Virgin Islands Code,[5] which designates groups of persons specifically authorized to carry a firearm and which could have presented a bar to his prosecution under section 2253(a), also presents an affirmative defense for which Hunt bore the burden at trial. *See Toussaint*, 301 F. Supp. 2d at 421 (vacating prior order which held that the exceptions in section 453 were essential elements of an offense under section 2253); *McKie*, 112 F.3d at 631 (prosecution need not prove each exception applies to obtain conviction under section 2253). Hunt does not argue here that he came within any of the exempted groups. Indeed, Hunt's conviction under section 2253 also supports the implication that he was not within the exempted groups, either because he did not assert that fact at trial or, if asserted, because it was rejected by the jury.[6] Given these facts, Hunt fell clearly within the statute and has no standing to complain the statute is vague as a result of any lack of certainty with regard to any of the exempted groups in 23 V.I.C. § 453. *See Rode*, 845 F.2d at 1199-1200; *Steven*, 962 F. Supp. at 684-85. For similar reasons noted in the discussion above, this Court must also reject appellant's claim that the legislature's failure to provide a maximum sentence for

---

[5]  That provision authorizes the possession of firearms by certain groups as follows:

(a)  The following persons, in the discharge of their official duties, and in accordance with and subject to the conditions and restrictions imposed by the laws and regulations applicable to their conduct, may lawfully have, possess, bear, transport and carry firearms in the Virgin Islands:

Continued ...

(1)  Members of the Armed Forces of the United States or of the organized reserves.

(2)  Officers and employees of the United States duly authorized, by Federal law to carry firearms.

(3)  Persons employed in fulfilling defense contracts with the United States Government or agencies thereof where possession or use of firearms is necessary under the provisions of such contracts.

(4)  Members of the police force of the Virgin Islands, marshals, or other duly authorized peace officers.

(5)  Penitentiary and jail wardens and guards.

(b)  The persons authorized by subsection (a) of this section lawfully to have, possess, bear, transport and carry firearms shall obtain such weapons and ammunition therefor only through the duly authorized officers or heads of their respective services or departments.

23 V.I.C. § 453.

[6]  There is no indication on this record that appellant raised any of those defenses at trial.

violations under section 2256 renders the statue unconstitutionally vague, where he was sentenced according to the statutory minimums.

## C. Eighth Amendment Challenge

Hunt next argues the sentence imposed by the trial court under 14 V.I.C. § 2256(a) and 23 V.I.C. § 481(b) is offensive to the Eighth Amendment's[7] prohibition against cruel and unusual punishment and should accordingly be reversed. We disagree.

The Eighth Amendment prohibits extreme or unconventional sentences that are grossly disproportionate to the crime. *See Harmelin v. Michigan*, 501 U.S. 957, 115 L. Ed. 2d 836, 111 S. Ct. 2680 (1991); *Rummel v. Estelle*, 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980). However, the Supreme Court has now rejected reliance on a strict proportionality analysis and requires such an inquiry only where the challenged sentence is so unconventional or extreme in comparison to the severity of the crime as to create an initial presumption of excessiveness. *See e.g., Harmelin*, 501 U.S. at 965-1005 (departing from proportionality analysis espoused in *Solem v. Helm*, 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983) and upholding sentence of life without parole for possession of 650 grams of cocaine); *Rummel*, 445 U.S. at 274 n.11 (upholding mandatory life sentence for obtaining $120.75 by false pretenses under a habitual offender statute). However, it is not for the courts to simply override as unduly harsh the penalties set by the legislature. In reviewing challenges to sentences as excessive, courts are cautioned to honor the legislature's lawmaking function and its authority to establish suitable penalties. *See Harmelin*, 501 U.S. at 1005; *Hutto v. Davis*, 454 U.S. 370, 372-74, 70 L. Ed. 2d 556, 102 S. Ct. 703 (1982) (noting penalties are matters of "legislative prerogative" and courts should be reluctant to review legislatively mandated terms); *United States v. Whyte*, 892 F.2d 1170, 1175 (3d Cir. 1989) (noting deference to be given legislative determinations of appropriate penalties and relative severity of crimes). In light of the deference to be accorded

---

[7] "Excessive bail should not be required nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment of the Constitution is made applicable to the Virgin Islands by § 3 of the Revised Organic Act of 1954, 48 U.S.C. § 1561. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1994), reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. CONSTITUTION at 73-177 (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit. 1).

the legislature's determination of appropriate penalties, a sentence within the terms prescribed by the legislature will not be disturbed absent a showing of improper procedure, illegality or abuse of discretion. *See e.g., Government of V.I. v. Richardson*, 498 F.2d 892, 894, 11 V.I. 213 (3d Cir. 1974) (rejecting excessiveness challenge to statutory sentence, noting an appellate court will not examine the length of a sentence which is within the statutory maximum unless there is a showing of illegality or an abuse of discretion manifested in the sentencing procedure and where the sentence was nothing more than "a proper exercise of judicial judgment"); *Government of the V.I. v. Rodriguez*, 423 F. 2d 9, 11 (3d Cir. 1970) (sentence imposed as prescribed by statute is a proper exercise of judicial judgment and presents no basis for *Eighth Amendment* challenge). Absent such abuse of discretion or procedural defects, appellate review is generally inappropriate. *See Hutto*, 454 U.S. at 370-75; *Chick v. Virgin Islands*, 941 F. Supp. 49, 51 (D.V.I. App. Div. 1996); *cf. Dorszynski v. United States*, 418 U.S. 424, 431-32, 41 L. Ed. 2d 855, 94 S. Ct. 3042 (1974) (noting that "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end") (citations omitted); *compare United States v. Mitchell*, 932 F.2d 1027, 1029 (2d Cir. 1991) (defendant's mandatory life sentence for felony gun possession based on legislative determination was presumptively valid); *but see Rummel*, 445 U.S. at 274 and n.11 (acknowledging that proportionality analysis, while not to be broadly applied in all cases, is not ruled out in extreme instances such as where a statutory sentence is, on its face, excessive in relation to the crime or unconventional in nature; noting that such an analysis may be appropriate, for example, if a legislature made overtime parking a felony punishable by life imprisonment); *see also Harmelin*, 501 U.S. at 985-86 (noting that proportionality principle would apply in only very rare cases—those so extreme that they are likely never to occur).

■ Here, appellant was convicted under section 2256(a), which set the penalty for that crime at imprisonment for "not less than seven years" and a fine of "not less than $10,000." 14 V.I.C. § 2256(a) (Supp. 2003). Title 23, section 481, under which he was also convicted, set a mandatory minimum penalty of imprisonment for 15 years without parole. *See* 23 V.I.C. § 481(b). Appellant was sentenced in accordance with the mandatory statutory minimums provided, and neither party presents any facts to suggest that sentence resulted from illegality or

improper procedures or is unconventional for that type of crime. Rather, appellant's argument focuses on the appropriateness of the harsh penalties, as set by the legislature. This argument would require the Court to exceed the bounds of its judicial powers and to intrude into lawmaking. This, we cannot do. The sentence will be affirmed.

## III. CONCLUSION

The appellant has failed to show he was among those authorized by law to carry a firearm. Therefore, he is without authority to challenge the statute prohibiting possession of ammunition as unconstitutionally vague in its failure to specifically extend its protection to those who are also authorized to possess firearms and, implicitly, ammunition. Moreover, because Hunt was sentenced according to the statutory minimum penalties set by the legislature, this Court also rejects his Eighth Amendment challenge and his argument that the open-ended penalty provided under title 14, section 2253 was unconstitutionally vague for failure to set a maximum term. Having failed to establish improper procedures in his sentence and having been sentenced in accordance with the mandatory statutory minimums, Hunt's argument that his sentences amount to cruel and unusual punishment must additionally be rejected. Therefore, having found no support for Hunt's arguments that his conviction and sentence violated the Eighth and Fourteenth Amendments to the United States Constitution, we affirm.