**HAKIM POTTER, Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, Appellee**

D.C. Crim. App. No. 2003-131

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 23, 2006

DEBRA SMITH WATLINGTON, TPD, St. Croix, U.S.V.I., *For Appellant.*

MAUREEN PHELAN, AAG, St. Croix, U.S.V.I., *For the Government, Appellee.*

FINCH, *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and STEELE, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

## MEMORANDUM OPINION

(August 23, 2006)

Hakim Potter ["Potter"] appeals his fourteen-year imprisonment sentence imposed by the Superior Court[1] following his conviction for two counts of unlawful sexual contact in the first degree, and one count of disturbing the peace.

## I. Facts

On the night of November 11, 2002, the Virgin Islands police responded to a call from a Carl "Touncou" Sprauve ["Sprauve"], who reported that a woman had just been sexually assaulted in the Bovoni area of St. Thomas. The police arrived at Lima's Superette [hereinafter "Lima's"] in Bovoni to find a young woman crying and in a generally frightened and disheveled state. She identified herself as Tameka Andrews ["Andrews"], and stated that she had nearly been raped by a man in the Bovoni Projects. Thereafter, Andrews accompanied the police in a search of the Bovoni Projects. Near Building D, Andrews saw and positively identified a man, later identified as Potter, as her attacker. The police arrested Potter after a second unit arrived on the scene.

Potter was charged with two counts of using force to accomplish a sexual contact. 14 V.I.C. § 1708(1). He was also charged with one count of disturbing the peace. 14 V.I.C. § 622(1).

A jury trial was held in the Superior Court of the Virgin Islands. During opening statements, the prosecuting attorney remarked that she

---

[1] At all times relevant to this appeal, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the terms Superior Court and Superior Court Judge.

449

believed she had met her burden of proof.[2] Potter's counsel objected to this statement. The trial court sustained Potter's objection and immediately instructed the jury that attorneys' personal beliefs or opinions are not proper in opening and closing statements.[3] Also during her opening statement, the prosecutor stated her intention to introduce certain statements by the defendant that had not been produced during discovery.[4] Again, Potter objected, and the Superior Court instructed the jury to disregard "any statement or any commentary that [Potter] made a statement."[5] [J.A. 28-29.]

During the trial, Andrews testified that she had a boyfriend whom she had been dating for two years at the time of the incident. Andrews testified that she had argued with her boyfriend the day of the incident. She also testified that her boyfriend had not assaulted her. During redirect, the prosecutor asked Andrews whether she was "absolutely certain that the person that attacked you was not your boyfriend that you knew for two whole years and lived with at the time of the attack?" [*Id.* at 76-76A.] Potter objected to the question as testifying for the witness. The Superior Court did not rule on the objection, but the Court instructed the prosecuting attorney to rephrase the question, which the prosecutor did.

---

[2] Specifically, the prosecuting attorney stated that she takes the burden of proof on the government "very seriously. And I realize that in order for me to do what I do, that I have to meet that burden. And that's what I believe I've done." [J.A. 20.]

[3] The judge instructed the jury that:

[T]here was a reference made by Attorney Smith that "I believe," or otherwise. On opening statement and closing arguments, lawyers are not suppose [sic] to give their belief, their personal beliefs, personal opinions, or anything. Therefore, disregard entirely that section of her-that small narrow section concerning her belief. Okay? So disregard that entirely.

[J.A. 21.]

[4] These statements were not subsequently admitted into evidence.

[5] The court here instructed:

Ladies and gentlemen of the jury, there was a statement or some reference made to an alleged statement made by the defendant. Disregard entirely any statement or any commentary or statement that the defendant made a statement. So, in your deliberation of this case, do not consider any statement by any of the lawyers concerning anything the defendant might have said outside of the courtroom. All right. Or any statements he might have made or otherwise. All right. Disregard it entirely.

[J.A. 28-29.]

In her closing argument, the prosecutor referred to "some kind of unspoken rule in Bovoni Housing Project ... that a woman walking down the street in Bovoni, if she look [sic] good to one of the—". [*Id.* at 150.] Potter objected to this comment before the prosecutor could finish it, and moved for a mistrial. The Superior Court denied the motion for mistrial, and instructed the prosecutor to be aware that many people live in Bovoni. The prosecuting attorney finished her closing argument without incident.

During his closing arguments, Potter questioned the reliability of the government's witnesses, two police officers and Andrews. In rebuttal, the prosecutor stated that Andrews "has no reason to lie." [*Id.* at 151.] Potter objected to this statement and again moved for a mistrial. The Superior Court did not rule on the objection, but denied the mistrial motion.

Also during her rebuttal, the prosecutor stated that Andrews' out-of-court statements and in-court testimony were consistent. Potter promptly objected.[6] The Superior Court stopped the prosecutor's rebuttal and brought both counsel to sidebar. After a sidebar discussion, the Superior Court again instructed the jury to "disregard entirely any reference made to any statement being consistent with anybody's testimony." [*Id.* at 174.]

In its instructions to the jury, the Superior Court reminded the jurors that they were the sole judges of credibility and believability of the witnesses. The Superior Court also instructed the jury that any statements made during the opening and closing arguments were not evidence.

The jury convicted Potter of each of the counts against him. He received concurrent fourteen-year prison sentences for each of the felony sexual assault counts. Potter timely filed this appeal on July 25, 2003.

Potter presents three arguments to this Court. First, he argues that the prosecution's conduct during the trial, both in individual instances and taken cumulatively, constituted prosecutorial misconduct. He argues that the Superior Court erred when it denied his motions for mistrial based on these statements. Second, Potter argues that the evidence presented at trial was insufficient to support his conviction. Third, he argues that his

---

[6] The prosecutor was only able to say "As far as a statement is concerned, we have [the alleged victim's] testimony. Her statement was consistent with her testimony," before the appellant's counsel objected. [J.A. 161.]

prison sentence violates the Eighth Amendment's stricture against cruel and unusual punishment.

## II. DISCUSSION

### A. Standard of Review

This Court has jurisdiction to review final judgments and orders of the Superior Court. See The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004) which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court);[7] Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. This Court exercises plenary review over the trial court's conclusions of law. *Saludes v. Ramos*, 744 F.2d 992 (3d Cir. 1984). Findings of fact are reviewed for whether they are clearly erroneous. *Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985). This Court reviews the trial court's rulings on contemporaneous objections under an abuse of discretion standard. *See United States v. Brennan*, 326 F.3d 176, 182 (3d Cir. 2003). Constitutional claims are given plenary review. *Warner v. Gov't of the V.I.*, 332 F. Supp. 2d 808, 810, 46 V.I. 251 (D.V.I. App. Div. 2004).

## III. ANALYSIS

### A. Prosecutorial Misconduct

Potter first argues that the Superior Court abused its discretion in denying his motions for mistrial due to the misconduct of the prosecuting attorney.

■ When reviewing prosecutorial misconduct claims, this Court considers: (1) the scope of the comments within the context of the whole trial; (2) the effect of any curative instructions given; and (3) the weight of the evidence against the defendant. *See United States v. Gambone*, 314 F.3d 163, 179 (3d Cir. 2003). Curative instructions, which the jury is presumed to follow, are generally sufficient to overcome improper statements. *See United States v. Hakim*, 344 F.3d 324, 329-31 (3d Cir. 2003) (holding that a thirty-minute delay in providing curative instructions to a jury for improper conduct did not result in prejudice against the defendant).

---

[7] Our jurisdiction in this regard was previously provided under 4 V.I.C. § 33.

■ "This Court will reverse a criminal conviction upon demonstrations of prosecutorial misconduct 'only in those situations in which prejudice inures to the defendant from the challenged improprieties.'" *Baptiste v. Gov't of the V.I.*, 240 F. Supp. 2d 381, 388 (D.V.I. App. Div. 2003) (quoting *Plaskett v. Gov't of the V.I.*, 147 F. Supp. 2d 367, 376 (D.V.I. App. Div. 2001)). "If our review of the record convinces us that the jury would have convicted the defendant even had it not been exposed to the allegedly improper prosecutorial comments, we must conclude that no actual prejudice accrued." *Plaskett*, 147 F.2d at 376.

### 1. Opening statement remarks.

Here, the prosecutor noted that she believed she had satisfied her burden of proof. Statements of personal belief or opinion about a case or client are improper. *See United States v. Young*, 470 U.S. 1, 17, 105 S. Ct. 1038, 84 L. Ed. 2d 1 (1985) ("[T]he prosecutor's statement of his belief that the evidence showed Apco had been defrauded should not have been made; it was an improper expression of personal opinion.").

■ However, Potter immediately objected, and the trial judge instructed the jury to disregard the prosecution's remarks. Additionally, the trial judge reminded the jurors to disregard the counsel's opening and closing arguments in their deliberations at the close of the trial. These instructions, as well as the comments taken in the context of the entire trial, were sufficient to overcome the prosecutor's improper statements. *See Baptiste*, 240 F. Supp. 2d at 388 (noting that, even if a prosecutor's comments had been inappropriate, the "trial judge's curative instruction to the jury protected Baptiste from any actual prejudice").

■ Similarly, the prosecutor's opening comment regarding a written statement that was not allowed as evidence does not merit reversal. At the time she made it, the prosecutor did not know the statement she alluded to would not be admitted into evidence. Even assuming that this comment was improper, the trial judge cured the impropriety by promptly instructing the jury to disregard any testimony about statements not entered into evidence. *See United States v. Vaulin*, 132 F.3d 898, 901 (3d Cir. 1997) (denying a new trial due to alleged prosecutorial misconduct where "the trial judge immediately gave a strong curative instruction"). The trial court did not abuse its discretion in refusing to grant a mistrial because of these statements.

## 2. Prosecutorial testimony.

■During redirect of Andrews, the prosecutor asked Andrews whether she had fought with her boyfriend on the night of the alleged attack, and whether she was "absolutely certain that the person who attacked you was not your boyfriend that you knew for two whole years and lived with at the time of the attack?" [J.A. 76-76A.] Potter argues that this question constitutes improper testimony by the prosecutor for the witness and that a mistrial should have been declared because of it.

Even assuming that the prosecutor's question to Andrews was improper, to be reversible the comments must have resulted in prejudice to the defendant. *Plaskett*, 147 F.2d at 376. Courts have found reversible error where prosecutors were allowed to introduce extraneous information through questioning. *See, e.g., United States v. Urban*, 404 F.3d 754, 778 (3d Cir. 2003) (noting that the introduction of extraneous information may result in prejudice to the defendant).

Here, Andrews had already testified that she and her boyfriend had argued earlier that day. Andrews had also testified that her boyfriend had not assaulted her. Further, she had earlier testified that she knew Potter, and that he had assaulted her. Any response Andrews would have given to the prosecutor's question would merely have reiterated a statement Andrews had previously made. Because the prosecutor's question would not have elicited new information, the trial court did not err in denying a motion for mistrial based on that question. *Cf. id.*

## 3. Closing argument and rebuttal.

Potter also argues that the prosecutor's remarks during her closing argument concerning a "custom" in Bovoni and a statement not admitted during the trial constitute reversible prosecutorial misconduct.

■Assuming, without deciding, that the prosecutor's reference to a "custom" in Bovoni was improper, the statement must have prejudiced the jury to be reversible. *See Gabone*, 314 F.3d at 179 (noting that prosecutorial misconduct must result in prejudice to defendant to be reversible). Here, the trial judge cured whatever impropriety there was in this statement by instructing the jury both after these statements were made as well as in the jury instructions to disregard as evidence anything said by either counsel during the opening or closing remarks. *See Baptiste*, 240 F. Supp. 2d at 388 ("Even if [the prosecutor's comments

454

during closing] had been improper, the trial judge's curative instruction to the jury protected Baptiste from any actual prejudice."). Accordingly, the trial judge did not err in denying Potter's motion for a mistrial based on these comments.

Potter also contends that the prosecuting attorney improperly noted that Potter had not presented any evidence regarding a statement not allowed into the trial. That comment, however, took place entirely at sidebar before the judge, outside of the presence of the jury. As the United States Court of Appeals for the Third Circuit has noted, "information never revealed to the jury could not have prejudiced its deliberations." *United States v. Hedgepeth*, 434 F.3d 609, 613 (3d Cir. 2006).

Moreover, after the sidebar discussion, the trial court instructed the jury to "disregard entirely any reference made to any statement being consistent with anybody's testimony." [J.A. at 174.] Even if the sidebar discussion had occurred before the jury, the curative jury instruction cured any prejudice to the jury the comment may have had. *Baptiste*, 240 F. Supp. 2d at 388. Accordingly, the trial judge thus did not err in denying a mistrial based on this statement.

Finally, Potter argues the prosecutor improperly vouched for Andrews during closing arguments by saying that Andrews "has no reason to lie." [J.A. 174.] The government counters that the prosecutor was merely responding to Potter's attorney's accusations that Andrews' testimony was a lie.

▉ The Third Circuit has established two criteria that must be met to show an attorney improperly vouched for a witness:

> (1) the prosecutor must assure the jury that the testimony of a Government witness is credible; and (2) this assurance is based on either the prosecutor's personal knowledge, or other information not contained in the record. ... The defendant must be able to identify as the basis for [the prosecutor's comment on witness credibility] explicit or implicit reference to either the personal knowledge of the prosecuting attorney or information not contained in the record.

*United States v. Walker*, 155 F.3d 180, 184 (3d Cir. 1998). Prosecutors are allowed some leeway when responding to arguments made by defense counsel. *See Young*, 470 U.S. at 14 (noting that courts allow

prosecutors to respond to a defense counsel's accusations during closing remarks).

■ Here, the prosecutor said that the victim "has no reason to lie." [J.A. 174.] She did so in response to Potter's attack on Andrews' veracity during his closing argument. Thus, the comment does not constitute reversible error. *Young*, 470 U.S. at 17-18 (upholding a conviction despite an improper remark by the prosecutor during closing because "any potential harm from this remark was mitigated by the jury's understanding that the prosecutor was countering defense counsel's repeated attacks on the prosecution's integrity error").

Moreover, the prosecutor's comment merely assured the jury that the testimony of a government witness was credible. There is no indication from the comment that the assurance was based on information other than that contained in the record. *Cf. Choi Chun Lam v. Kelchner*, 304 F.3d 256, 271 (3d Cir. 2002) (noting that vouching is "an assurance by the prosecuting attorney of the credibility of a government witness through personal knowledge or by other information outside of the testimony before the jury").

■ Assuming, *arguendo*, that the comment constituted improper vouching, it must have prejudiced the jury. *Gabone*, 314 F.3d at 179. Notably, before allowing the jury to retire to discuss its decision, the trial judge instructed them that opening and closing statements are not evidence. Additionally, the "vouching" statement was one comment imbedded within two days of trial. The jury instruction and the statement's place within the context to the trial are sufficient to overcome any presumption of prejudice inuring to Potter from the arguably improper vouching. *See United States v. Zehrbach*, 47 F.3d 1252, 1267 (3d Cir. 1995) (holding that vouching statement that took up two-sentences in a forty-page closing argument, and which was countered by curative jury instructions, did not prejudice defendant).

Accordingly, the Superior Court did not abuse its discretion in refusing to grant Potter's motion for a mistrial based on this statement.

## B. Sufficiency of the Evidence

Potter argues that the evidence adduced at trial was insufficient to sustain his conviction because the only eyewitness testimony against him was from Andrews.

Unlawful sexual contact in the first degree accomplished through force or coercion has three elements. The government must prove, beyond a reasonable doubt, that: (1) the perpetrator engaged in sexual contact; (2) the person with whom the perpetrator engaged in sexual contact was not the person's spouse; and (3) the sexual contact was accomplished by force or coercion. 14 V.I.C. § 1708(1).

When reviewing the sufficiency of the evidence presented at a trial resulting in conviction, all issues of credibility within the province of the jury must be viewed in the light most favorable to the government, which obtained the verdict below. *Glasser v. United States*, 315 U.S. 60, 80, 62 S. Ct. 457, 86 L. Ed. 680 (1942); *see also United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998). The Court must ask whether the evidence presented at trial would allow a rational trier of fact to find the defendant guilty of every element of the offense beyond a reasonable doubt. *Phipps v. Gov't of the V.I.*, 241 F. Supp. 2d 507, 510-11 (D.V.I. 2003). "We must ... presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences." *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992). Additionally, a jury may convict an individual on the testimony of the victim alone. *Lewis v. Gov't of the V.I.*, 77 F. Supp. 2d 681, 684 (D.V.I. App. Div. 1999).

Here, the only eyewitness testimony came from Andrews, the victim. She testified she was not married, had prior knowledge of Potter's identity, and that she recognized him on the night in question. She further testified that Potter had used physical force to touch her sexually against her will. She also identified Potter to the police almost immediately after the alleged event, and without hesitation in the courtroom.

The police officers who responded to Andrews' call the night of the incident also testified at trial, and their testimony corroborated with Andrews'. The officers testified that Andrews looked frightened and had been crying when they arrived at the scene. They stated that her clothing was dirty in the areas she described as having been touched by Potter. The police officers also identified Potter in court as the individual pointed out to them by Andrews as her assailant.

Viewing the testimony and the physical evidence in a light most favorable to the Government, a reasonable juror could have found that Potter had touched Andrews sexually, that Andrews was not Potter's spouse, and that the sexual contact was accomplished by force. *See Georges v. Gov't of the V.I.*, 119 F. Supp. 2d 514, 523 (D.V.I. App. Div.

2000) (upholding a conviction where the testimony elicited at trial was sufficient to connect the defendants to the crimes for which they were convicted); *see also Peters v. Gov't of the V.I.*, 121 F. Supp. 2d 825, 830 (D.V.I. App. Div. 1998) (noting that the credibility and weight that is attached to witnesses are matters left to the jury). Accordingly, there is sufficient evidence to sustain Potter's conviction.

## C. Cumulative misconduct.

Potter argues that even if the individual errors are harmless, when considered cumulatively they amount to harmful errors requiring a reversal.

 "Trial errors which in isolation are harmless might, when aggregated, alter the course of a trial so as to violate a petitioner's right to due process of law." *Taylor v. Kentucky*, 436 U.S. 478, 487 n.15, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978). The cumulative effect analysis has two elements: (1) that at least two errors were committed in the course of the trial; and (2) that considered together, along with the entire record, the errors so infected the jury's deliberation that they denied the petitioner a fundamentally fair trial. *United States v. Copple*, 24 F.3d 535, 547 n.17 (3d Cir. 1994).

 Assuming here that two errors were committed by the court below, Potter's appeal nonetheless must fail. During the two day trial, the trial court gave prompt limiting instructions, both contemporaneously with the objected-to comments and following the trial. Additionally, the record demonstrates sufficient evidence to allow a reasonable jury to conclude, beyond a reasonable doubt, that Potter had committed the crimes for which he was charged. *See Gambone*, 314 F.3d at 179 (evidence must weigh against the defendant to uphold a verdict of guilty despite prosecutorial misconduct).

Taken together, the trial judge's limiting instructions, coupled with the weight of the evidence and the length of the trial, any errors committed below did not prejudice the jury against Potter. *See Gov't of the V.I. v. Joseph*, 770 F.2d 343, 349 (3d Cir. 1985) (finding defendant was not prejudiced by prosecutor's closing argument in light of curative jury instructions); *see also United States v. Gallagher*, 576 F.2d 1028, 1042 (3d Cir. 1978) (holding that any prejudice to defendant was cured by trial judge's instructions to ignore, for the purposes of the verdict, the opening statements).

## [D]. Eighth Amendment Challenge

Finally, Potter asserts that his fourteen-year sentence violates the Eighth Amendment's stricture against cruel and unusual punishment because it is "grossly disproportionate" to the offense he was found guilty of having committed.

The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.[8] Prison sentences violate the Eighth Amendment when they "(1) make no measurable contribution to acceptable goals of punishment ...; or (2) are grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 591-2, 97 S. Ct. 2861, 53 L. Ed. 2d 982 (1977). The appellant bears the burden to show that "the gravity of his crime of conviction is so outweighed by the harshness of his sentence that we are led to reach an inference of gross disproportionality." *United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006).

Potter argues that his sentence of fourteen years for using force to accomplish sexual contact is harsh because the victim suffered no physical harm. Potter presents no evidence in support of this contention. Thus, he has failed to meet the initial burden imposed upon him to demonstrate that his sentence is unduly harsh compared with the severity of his crime. *See id.* (noting that the appellant bears the burden of proving that a punishment is unduly harsh compared to a crime).

██ Moreover, while punishments must be somewhat proportional to the crime committed, strict proportionality in non-capital punishment cases between a punishment and a crime is not required. *See Ewing v. California*, 538 U.S. 11, 20, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003) (calling for a "narrow proportionality principle" in non-capital cases) (citing *Harmelin v. Michigan*, 501 U.S. 957, 996-7, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991)). Courts are to give substantial deference to the legislature's authority to determine the types and appropriate sentences for crimes. *See Atkins v. Virginia*, 536 U.S. 304, 312, 122 S. Ct. 2242, 153 L. Ed. 2d 335 (2002) (noting that legislatures provide "the clearest

---

[8] Congress has made the Amendment applicable to the Virgin Islands pursuant to section 3 of the Revised Organic Act of 1954. The Revised Organic Act of 1954 is found at 48 U.S.C §§ 1541-1645, *reprinted in* V.I. CODE ANN., Historical Documents, 73-177 (codified as amended) (1995 & Supp. 2004).

and most objective evidence of contemporary values"). "In light of the deference to be accorded the legislature's determination of appropriate penalties, a sentence within the terms prescribed by the legislature will not be disturbed absent a showing of improper procedure, illegality or abuse of discretion." *Hunt v. Gov't of the V.I.*, D.C. Crim. App. No. 2003-030, 2005 U.S. Dist. LEXIS 4164, 46 V.I. 534, at *13 (D.V.I. App. Div. March 14, 2005). Generally, "once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Dorszynski v. United States*, 418 U.S. 424, 431, 94 S. Ct. 3042, 41 L. Ed. 2d 855 (1974).

Virgin Islands law prescribes a maximum sentence of fifteen-years for those convicted of unlawful sexual contact. 14 V.I.C. § 1708(6). Potter's fourteen-year sentence clearly falls within the statutorily defined range. Potter presents no facts "to suggest that sentence resulted from illegality or improper procedures or is unconventional for that type of crime." *Hunt*, 2005 U.S. Dist. LEXIS 4164, at *15. Thus, Potter's sentence of fourteen years is not clearly excessive, nor does it violate the Eighth Amendment.

## IV. CONCLUSION

Accordingly, for the reasons stated above, this Court will affirm Potter's conviction and sentence.