**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**NATHANIEL C. McGOWAN, Defendant**

Case No. ST-11-CR-159

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

January 11, 2012

SABRINA J. COHEN, ESQ., Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, USVI, *Attorney for the Plaintiff*.

VINCENT A. FULLER, ESQ., St. Thomas, USVI, *Attorney for the Defendant*.

HOLLAR, *Judge*

## MEMORANDUM OPINION

(January 11, 2012)

### I. FACTS and PROCEDURAL POSTURE

On May 10, 2011, the People filed a three-count Amended Information against the Defendant, Nathaniel McGowan, charging him as follows:

5

Count I, Aggravated Assault and Battery — during an act of domestic violence, in violation of V.I. CODE ANN. tits. 14 § 298(5) and 16 § 91(b)(1) and (2); Count II, Disturbance of the Peace — in connection with domestic violence, in violation of V.I. CODE ANN. tits. 14 § 622(1) and 16 § 91(b)(10); and Count III, Destruction of Property — in connection with domestic violence, in violation of V.I. CODE ANN. tits. 14 § 1266 and 16 § 91(b)(9).[1] This Memorandum Opinion addresses only Count I of the Amended Information, which states:

> On or about March 16, 2011, in St. Thomas, Virgin Islands, **NA-THANIEL McGOWAN**, an adult male, used unlawful violence upon the person of a female, [T.A.],[2] a person with whom he had an intimate relationship, with intent to injure, to wit: he slapped her, threw her to the floor and pushed her against a wall, and this act was in connection with an act of domestic violence, in violation of V.I. CODE ANN. tit. 14 § 298(5); V.I. CODE ANN. tit. 16 § 91(b)(1), (2). **[AGGRAVATED ASSAULT AND BATTERY—DOMESTIC VIOLENCE]**.[3]

On September 20, 2011, Defendant Nathaniel McGowan filed a Motion to Dismiss Count I — Felony Aggravated Assault and Battery, during an act of domestic violence, for Violation of the Equal Protection Clause of the Constitution of the United States.[4] The Defendant asserts that V.I. CODE ANN. tit. 14 § 298(5), by itself, and in tandem with V.I. CODE ANN. tit. 16 § 91(b), "unlawfully singles out men for harsher treatment for conduct which is also engaged in by women."[5] According to Defendant McGowan, 14 V.I. CODE ANN. § 298(5)'s punitive measures, along with 16 V.I. CODE ANN. § 91(b), where applicable, are "neither legitimate, nor constitutional, to the extent it does not seek to meet the substantial and important government interest of protecting domestic partners, but instead seeks to . . . penalize men for conduct

---

[1] *See* People's Am. Information 1, May 10, 2011.

[2] The Court has chosen to substitute the victim's name with initials in order to protect the victim's identity.

[3] *See supra* note 1, at 1.

[4] The Fourteenth Amendment's Equal Protection Clause is made applicable to the Virgin Islands pursuant to Section 3 of the Revised Organic Act. *See* Revised Organic Act of 1954 § 3, 48 U.S.C. § 1561 (2006).

[5] *See* Def.'s Reply to Gov't of Virgin Islands Opp'n to Def.'s Mot. to Dismiss at 9, October 18, 2011.

which women are equally capable of engaging in and do in fact engage in."[6]

Title 14 V.I. CODE ANN. § 298(5) provides, in pertinent part, that:

> **Whoever commits an assault and battery . . . being an adult male, upon the person of a female** or child, or being an adult female upon the person of a child . . . shall be fined not more than $500 or imprisoned not more than 1 year, or both or **if during an act of domestic violence, as defined in 16 V.I.C. § 91(b),** be fined not less than $1,000 or imprisoned not more than 5 years (emphasis added).

It is noteworthy that § 298(5) contains two aggravating circumstances within the single subsection. The first involves an assault and battery by an adult male upon an adult female.[7] The second involves an assault and battery by an adult, of either gender, upon a child. No aggravation is inferred within § 298(5) when an adult female commits an assault upon an adult male. Defendant McGowan's challenge addresses only the first of the two aggravating circumstances in § 298(5).

On September 29, 2011, the People, in their Opposition to Defendant's Motion to Dismiss Count I, contended that 14 V.I. CODE ANN. § 298(5) is "constitutional and does not discriminate against males" because "[w]omen are subject to similar consequences as men [under] the statute . . . [when] the act is committed by 'an adult female upon the person of a child.' "[8] Alternatively, the People assert that even if § 298(5)'s provision treats the genders differently, the disparate treatment is "substantially related" to an "important governmental interest", which is the protection of women, who are physically more vulnerable than men and also constitute the majority of domestic violence victims.[9] *Ergo*, women are entitled to greater safeguards.

On October 18, 2011, the Defendant filed a Reply to the People's Opposition. Following the Defendant's Reply, an evidentiary hearing was scheduled for November 3, 2011, to resolve the constitutionality of Count

---

[6] *Id.* at 11.

[7] Although the word "adult" does not precede "female" in 14 V.I.C. § 298(5), as contrasted to a child, the statute must implicitly contemplate that the "female" is an "adult." Therefore, in its analysis, the Court uses "adult female" as opposed to "female."

[8] *See* People's Opp'n to Def.'s Mot. to Dismiss Count I at 5, September 23, 2011.

[9] *Id.* at 7-9.

I of the Amended Information, as charged against the Defendant. In its Scheduling Order, the Court advised counsel for the respective parties to be prepared to address their concerns given the directives set forth in *Simmonds v. People of the Virgin Islands.*[10]

At the commencement of the hearing in the case, *sub judice*, the Court further expressed its expectation that each party address the constitutional issues raised by the Defendant using a two-step approach. The first step would consider the justification, or lack thereof, for the aggravating circumstances behind the otherwise gender-neutral charge of **simple assault and battery** to **aggravated assault and battery**, when the assault and/or battery is committed by an adult male on an adult female, and not vice versa. **Simple assault and battery**, codified at 14 V.I. CODE ANN. § 299, carries a maximum six (6) month incarceration penalty and a two hundred and fifty dollar ($250.00) fine,[11] whereas **aggravated assault and battery**, by an adult male on an adult female, codified at 14 V.I. CODE ANN. § 298(5), carries a maximum one (1) year incarceration penalty and a five hundred dollar ($500.00) fine.[12]

The second step would address the justification, or lack thereof, for enhancing the *misdemeanor* charge of **aggravated assault and battery**, when the offense is perpetrated by an adult male upon an adult female, to *felony* **aggravated assault and battery**, when the offense is committed during an act of "domestic violence," as defined by 16 V.I. CODE ANN.

---

[10] 55 V.I. 1069 (D.V.I. 2011). In *Simmonds*, the Appellate Division of the District Court of the Virgin Islands held that absent a legitimate state interest supported by facts, legislative history, data, inherent differences and common sense to support the presence of a substantial relationship between the gender distinction and the state's interest, the Government *failed to satisfy its burden of proof* of establishing a legitimate state interest in creating a disparity between genders at 14 V.I.C. § 298(5). Before striking the provision, however, the Appellate Court remanded the matter to the Superior Court to conduct an evidentiary hearing, thereby providing the Government with an opportunity to appropriately meet its burden.

[11] Simple assault and battery originally carried a thirty (30) day incarceration sentence and a fifty dollar ($50.00) fine until the V.I. CODE was amended in 2005. *See* Omnibus Justice Act of 2005, No. 6370, § 25, 2005 V.I. Sess. Laws 68, 106 (2006).

[12] Section 298(5) *also* elevates simple assault and battery when the defendant is an adult, whether male or female, and the assault is committed upon a child. V.I. CODE ANN. tit. 14, § 298(5), *amended by* Act 7180 (1996 & Supp. 2011). That portion of § 298(5) is not before this Court.

8

§ 91(b).[13] The *felony* **aggravated assault and battery** charge, committed during an act of domestic violence, carries a maximum five (5) year incarceration penalty and a mandatory fine of one thousand dollars ($1,000.00).[14]

## STEP ONE

### *in context of 14 V.I.C. § 298(5)'s gender-based component

| CHARGE/OFFENSE | INCARCERATION | FINE | PERPETRATOR/VICTIM |
|---|---|---|---|
| **Simple**<br>**Assault &**<br>**Battery**<br>**14 V.I.C. § 299** | Max. = 6 Months | Max. = $250.00 | Any Person upon the Person of Another |
| **Aggravated**<br>**Assault &**<br>**Battery**<br>**14 V.I.C.**<br>**§ 298(5)** | Max. = 1 Year | Max = $500.00 | **ONLY IF**<br>**Adult Male upon**<br>**Adult Female** |

## STEP TWO

### *in context of 14 V.I.C. § 298(5) and 16 V.I.C. § 91(b)

| CHARGE/OFFENSE | INCARCERATION | FINE | PERPETRATORS/VICTIMS |
|---|---|---|---|
| **Misdemeanor**<br>**Aggravated**<br>**Assault &**<br>**Battery**<br>**14 V.I.C.**<br>**§ 298(5)** | Max. = 1 Year | Max. = $500.00 | **ONLY**<br>**Adult Male upon**<br>**Adult Female** |

---

[13] Under 16 V.I.C. § 91(b) "Domestic violence" means the occurrence of any of the following acts, attempts or threats against a person such as: (1) assault; (2) battery; (3) burglary; (4) kidnapping; (5) unlawful sexual contact; (6) rape; (7) forcible or unlawful entry; (8) coercion; (9) destruction of property; (10) harassment; (11) threats; (12) false imprisonment; (13) stalking; or (14) violation of a restraining order issued pursuant to section 97(b)(2) or section 98 of this chapter. V.I. CODE ANN. tit. 16 § 91(b), *amended by* Act 6217 (1996 & Supp. 2011).

[14] This new enhancer was enacted into law on August 20, 2010. *See* V.I. CODE ANN. tit. 14 § 298(5), *amended by* Act 7180 (Supp. 2011).

| Charge/Offense | Incarceration | Fine | Perpetrators/Victims |
|---|---|---|---|
| **Felony Aggravated Assault & Battery 14 V.I.C. § 298(5) + 16 V.I.C. § 91(b)** | Max. = 5 Years | Min./Mandatory = $1000.00 | During an Act of Domestic Violence |

Despite this Court's unambiguous and specific references to *Simmonds*,[15] discussed *supra*, and the Court's request to frame and address the issues using the outlined two-step approach, Counsel for the People failed to properly and consistently bifurcate the issues as directed in the course of her argument, and also failed to make any factual showing in support of the proffered "government interest". Proceeding without proper separation of the issues, the People insisted that the government's purpose behind both V.I. CODE ANN. tit. 14 § 298(5) *and* V.I. CODE ANN. tit. 16 § 91(b), subsections (1) and (2), was to protect women because as a class of people they represent "the majority of domestic violence victims."[16] In response, the Court made clear its inclination to view the "government interest" for 16 V.I. CODE ANN. § 91(b)'s domestic violence provision to be consistent with the "Declaration of Purpose" set forth in 16 V.I. CODE ANN. § 90(a),[17] which would not substantiate a government interest for 14 V.I.C. § 298(5). Thus, some other "government interest" and factual basis for § 298(5) would be required.

Totally ignoring the Court's position, Counsel for the People attempted to utilize 16 V.I. CODE ANN. § 90(a)'s "Declaration of Purpose" to sustain the "government interest" underlying 14 V.I. CODE ANN. § 298(5), albeit

---

[15] *See Simmonds, supra* note 10.

[16] *See* Hr'g Tr. 30, Nov. 3, 2011.

[17] This Court's inclination is derived from *Government of the Virgin Islands v. Jackson*, where the Honorable Maria Cabret, then Judge of the Superior Court, held that the "state interest" for "Remedies for Domestic Violence" is set forth at V.I. CODE ANN. tit. 16, § 90(a) (1996). 42 V.I. 54, 60 (V.I. 2000).

16 V.I.C. § 90(a)'s facial gender neutrality.[18] Shifting gears, the People's argument centered on *Government of the Virgin Islands v. Prescott*[19] which found § 298(5)'s gender-based provision constitutional on grounds that "females warranted special protection from male attackers."[20] *Prescott*, the People claimed, bolsters the proposition that "females are more susceptible to harm inflicted by males than vice versa."[21]

When asked to specifically designate legislative history, data, or grounded facts in support of the proffered "government interests" recited, the People, without hesitation, conceded that the legislative history surrounding 14 V.I.C. § 298(5) did not speak to any physical differences between the genders nor did it provide any justification for penalizing men more severely for acts of which both sexes are capable.[22] Counsel went so far as to say,

> [O]ur Legislature doesn't give us a great deal [] when they are creating laws. In all honesty, I have not ever seen legislation written this way . . . I honestly don't necessarily think this is a fair way to discriminate against genders . . . I am just trying to argue as best I can . . . from the legal and constitutional point . . . and use as much legislative history as I can.[23]

In the absence of legislative history and at the Court's prompting to place any and all arguments on record to justify the gender disparity, the People

---

[18] 16 V.I. CODE ANN. § 90(a) states as follows: [t]he general purposes of this chapter are to: (1) assure victims of domestic violence the maximum protection from abuse that the law can provide; (2) create a flexible and speedy remedy to discourage violence and harassment against family members or others with whom the perpetrator has continuing contact; (3) expand the ability of the U.S. Virgin Islands Police Department and law enforcement officers to assist victims, to enforce the law effectively in cases of domestic violence, and to prevent further incidents of abuse; (4) develop a greater understanding within the United States Virgin Islands community of the incidences and causes of domestic violence through data collection; (5) facilitate equal enforcement of the criminal laws of the Territory by deterring and punishing violence against family members and others who are personally involved with the offenders; and (6) recognize that battering is a serious crime which will no longer be excused or tolerated.

[19] 18 V.I. 110 (Terr. Ct. 1981).

[20] 18 V.I. at 112 (quoting *Government v. Zephaniah Smith* (Terr. Ct., Div. St. T. & St. J., Crim. No. 166/79)).

[21] *See* Hr'g Tr. 39-46, Nov. 3, 2011.

[22] *Id.* at 47.

[23] *Id.* at 47-48.

invited the Court to ignore the lack of "hard evidence" and take into account inherent differences and common sense observations of the sexes, along with "in-house figures" representing the number of cases filed against men and women for simple and aggravated assault and/or battery.[24]

At the culmination of the People's presentation, Counsel for Defendant McGowan maintained that the People had not met their burden of demonstrating that V.I. CODE ANN. tit. 14 § 298(5) was substantially related to an important government interest[25] and *a fortiori* asked for the provision to be declared unconstitutional.[26] With respect to the second step of the analysis utilizing 16 V.I.C. § 91(b)'s domestic violence provisions as a further penalty enhancer for § 298(5), the Defendant conceded that standing alone, § 91(b) presented no constitutional issue.[27] Accordingly, the enhancement of a **misdemeanor aggravated assault and battery** to *felony* **assault and battery**, only becomes constitutionally problematic when the predicate offense assault and battery is committed by an adult male upon a female.[28]

## II. STANDARD OF REVIEW FOR CONSTITUTIONAL CHALLENGES UNDER THE FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE

 Section 1 of the Fourteenth Amendment to the United States Constitution provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law, **nor deny any person within its jurisdiction the equal protection of laws** (emphasis added).[29]

---

[24] *Id.* at 53-58.

[25] *Id.* at 65.

[26] *Id.* at 69.

[27] *Id.* at 66; *See also, supra* note 5, at 8.

[28] Although all of the remaining provisions within 14 V.I.C. § 298 are subject to the domestic violence enhancer set forth at 16 V.I.C. § 91(b), none of the aggravated assault and battery misdemeanors under § 298(1), § 298(2), § 298(3), § 298(4), § 298(6), or § 298(7) are gender-based.

[29] U.S. CONST. amend. XIV, pt. 1.

Only the Equal Protection and Due Process Clauses of the Fourteenth Amendment have been extended to the United States Virgin Islands through Section 3 of the Revised Organic Act of 1954, as amended.[30] Section 3 of the Revised Organic Act of 1954 states in pertinent part:

> The following provisions and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any State[31] of the United States: article I, section 9, clauses 2 and 3; article IV, section 1 and section 2, clause 1; article VI, clause 3; the first to ninth amendments inclusive; the thirteenth amendment; **the second sentence of section 1 of the fourteenth amendment**; and the fifteenth and the nineteenth amendments . . . (emphasis added).[32]

In considering whether a legislative enactment runs afoul of the Equal Protection Clause of the Fourteenth Amendment, any classification sanctioned by the states or involving state interest(s) that seek to distinguish between persons similarly situated must pass a designated degree of judicial review.[33] The level of scrutiny that a classification receives depends upon the basis of the classification itself.[34] "While the Equal Protection Clause was designed as a safeguard against the inequities of discrimination employed by the States,"[35] it "does not demand that a statute necessarily apply equally

---

[30] *Supra* note 4.

[31] Although the United States Virgin Islands is not considered a "State", it is well established that Congress has chosen to grant the territory "autonomy similar to that of the states." *Harris v. Boreham*, 233 F.2d 110, 113-114, 3 V.I. 565 (3d Cir. 1956).

[32] Revised Organic Act of 1954 § 33, 48 U.S.C. § 1561 (2006). In addition to the extension of the second sentence of the first section of the Fourteenth Amendment to the Virgin Islands, the first sentence of § 3 of the Revised Organic Act states: [n]o law shall be enacted in the Virgin Islands which shall deprive any person of life, liberty, or property without due process of law or deny to any person therein the equal protection of the laws.

[33] ERWIN CHIMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES 676 (3d ed. 2006) (noting that equal protection principles protect individuals, not groups, and that an individual can bring an equal protection claim for discrimination in the form of arbitrary government treatment even against a "class of one" (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)) (internal quotation marks omitted).

[34] *Id* at 670.

[35] *Simmonds*, 55 V.I. at 1073.

to all persons,"[36] does not prohibit from states "the power to treat different classes of persons in different ways,"[37] nor does it require "things which are different in fact . . . be treated in law as though they were the same."[38]

■ The Supreme Court's Equal Protection jurisprudence is comprised of three tiers of judicial review or levels of scrutiny. The High Court has deemed that certain classifications, such as race, religion, and national origin, are almost never an appropriate basis on which to discriminate between persons.[39] Accordingly, these classifications, or suspect classes, are reviewed under "strict scrutiny," the most rigorous analysis.[40] Under "strict scrutiny," the *burden* is on the *state* to prove that the discriminatory statute is *necessary* to achieve a *compelling* government purpose and the statute is *narrowly tailored* to advance the stated government interest, or rather presents the least restrictive or discriminatory means to accomplish the goal.[41]

■ The next level of scrutiny, in descending order, is "intermediate scrutiny", or "heightened scrutiny". This middle tier level of scrutiny meets a less rigorous standard of review than "strict scrutiny".[42] To survive "intermediate scrutiny", the *burden* is on the *state* to demonstrate that a challenged statute serves *important* governmental objectives and is *substantially related* to the achievement of those objectives.[43] Statutes

---

[36] *Rinaldi v. Yeager,* 384 U.S. 305, 309, 86 S. Ct. 1497, 16 L. Ed. 2d 577 (1966).

[37] *Reed v. Reed,* 404 U.S. 71, 75, 92 S. Ct. 251, 30 L. Ed. 2d 225 (1971).

[38] *Rinaldi,* 384 U.S. at 309.

[39] *See generally Strauder v. West Virginia,* 100 U.S. 303, 25 L. Ed. 664 (1880); *Missouri ex rel. Gaines v. Canada,* 305 U.S. 337, 59 S. Ct. 232, 83 L. Ed. 208 (1938); *Smith v. Allwright,* 321 U.S. 649, 64 S. Ct. 757, 88 L. Ed. 987 (1944); *Brown v. Board of Education,* 347 U.S. 483, 74 S. Ct. 686, 98 L. Ed. 873 (1954); *Loving v. Virginia,* 388 U.S. 1, 87 S. Ct. 1817, 18 L. Ed. 2d 1010 (1967).

[40] *Supra* note 33, at 671-672.

[41] *See United States v. Carole Products Co.,* 304 U.S. 144, 152 n. 4, 58 S. Ct. 778, 82 L. Ed. 1234 (1938); *see e.g., Johnson v. California,* 543 U.S. 499, 499, 125 S. Ct. 1141, 160 L. Ed. 2d 949 (2005); *San Antonio Indep. School Dist. v. Rodriguez,* 411 U.S. 1, 51, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1973); *see also Hirabayashi v. United States,* 320 U.S. 81, 63 S. Ct. 1375, 87 L. Ed. 1774 (1943); *Korematsu v. United States,* 323 U.S. 214, 65 S. Ct. 193, 89 L. Ed. 194 (1944); *Loving v. Virginia,* 388 U.S. 1, 87 S. Ct. 1817, 18 L. Ed. 2d 1010 (1967).

[42] *Supra* note 33, at 671-672.

[43] *See Craig v. Boren,* 429 U.S. 190, 97 S. Ct. 451, 50 L. Ed. 2d 397 (1976); *Tuan Anh Nguyen v. INS,* 533 U.S. 53, 70, 121 S. Ct. 2053, 150 L. Ed. 2d 115 (2001); *see e.g., United*

that tend to discriminate on the basis of gender or legitimacy (also termed "quasi-suspect" classes) routinely invoke this standard of review.[44]

■ All other classifications, such as age, sexual orientation, disability, and other underinclusive classes not falling within suspect or quasi-suspect classes, are reviewed on a "rational basis," which is the most lenient level of judicial scrutiny.[45] For a classification to pass constitutional muster under this minimal test, the law need only be *rationally related* to a *legitimate* government purpose.[46] Unlike the other two tiers, the *burden* of proof is on the *challenger*.[47] The rational basis test is highly deferential to the government as any conceivable legitimate purpose is sufficient to withstand a constitutional challenge so as long as the means employed are a reasonable way to accomplish the stated objective.[48]

Because the fact scenario in the underlying matter involves a gender based classification, this Court will apply the "intermediate" or "heightened" standard of review. Following is an illustrative chart setting forth the criteria for the various levels of judicial scrutiny.

| LEVEL OF SCRUTINY | STANDARD | BURDEN | CLASSIFICATION |
|---|---|---|---|
| **Strict Scrutiny** | The law or policy must be **narrowly tailored** to serve a **compelling state interest**. | **The State** has the burden. | Race Religion National Origin |

*States v. Virginia*, 518 U.S. 515, 533, 116 S. Ct. 2264, 135 L. Ed. 2d 735 (1996); *Mississippi Univ. for Women v. Hogan*, 458 U.S. 718, 724, 102 S. Ct. 3331, 73 L. Ed. 2d 1090 (1982).

[44] *See Mississippi University for Women v. Hogan*, 458 U.S. 718, 102 S. Ct. 3331, 73 L. Ed. 2d 1090 (1982); *J. E. B. v. Alabama ex rel. T. B.*, 511 U.S. 127, 114 S. Ct. 1419, 128 L. Ed. 2d 89 (1994); *United States v. Virginia*, 518 U.S. 515, 116 S. Ct. 2264, 135 L. Ed. 2d 735 (1996).

[45] *Supra* note 33, at 672.

[46] *Id.* at 540.

[47] *Id.* at 540.

[48] *Id.* at 540.

| Level of Scrutiny | Standard | Burden | Classification |
|---|---|---|---|
| **Intermediate *or* **"Heightened Scrutiny" | The law or policy must be **substantially related** to the achievement of an **important governmental objective.** | **The State** has the burden. | Gender Illegitimacy |
| **Rational Basis Review** | The law or policy, must be **rationally related** to a **legitimate state interest.** | **The Party challenging the law or policy** has the burden. | Age Disability Sexual Orientation Other Underinclusive Classes |

## III. ANALYSIS

The Court is confronted with two (2) threshold issues for resolution: (1) given what was adduced at the November 3, 2011 Evidentiary Hearing, whether the People satisfied their burden of proof in establishing the constitutionality of 14 V.I. CODE ANN. § 298(5), which elevates the otherwise gender-neutral offense of **simple assault and battery** to a degree of **assault and battery**, whereby the only aggravating circumstance is when the perpetrator is an adult male and the victim is an adult female, and not vice versa; and (2) given what was adduced at the November 3, 2011 Evidentiary Hearing, whether the People satisfied their burden of proof in establishing the constitutionality of 16 V.I. CODE ANN. § 91(b)(1) and (2), which enhances a *misdemeanor* **aggravated assault and battery** — adult male upon an adult female — to *felony* **assault and battery**, when the assault and battery is committed during an act of domestic violence.

16

## A. GIVEN WHAT WAS ADDUCED AT THE EVIDENTIARY HEARING, THE PEOPLE FAILED TO SATISFY THEIR BURDEN OF PROOF IN ESTABLISHING THE CONSTITUTIONALITY OF 14 V.I.C. § 298(5), WHICH ELEVATES THE OTHERWISE GENDER-NEUTRAL OFFENSE OF SIMPLE ASSAULT AND BATTERY TO A DEGREE OF ASSAULT AND BATTERY, WHEREBY THE ONLY AGGRAVATING CIRCUMSTANCE IS WHEN THE PERPETRATOR IS AN ADULT MALE AND THE VICTIM IS AN ADULT FEMALE, AND NOT VICE VERSA.

Under 14 V.I. CODE ANN. § 298(5) the criminal gender-neutral offense of **simple assault and battery** is elevated to **aggravated assault and battery** whenever a person commits an "assault and battery . . . being an adult male, upon the person of [an adult] female."[49] The Defendant asserts that this penalty enhancement, prescribed under § 298(5), impermissibly discriminates on the basis of gender as the statute does not impose similar punishment on adult women who commit an assault and battery on men. A statute which seeks to discriminate on the basis of gender warrants judicial review and intermediate scrutiny. Therefore, unless the People can demonstrate that § 298(5) is substantially related to the achievement of an important governmental purpose, the challenged law must be struck down as unconstitutional.

Ignoring the Court's directive to present their position in a two-step approach,[50] the People preliminarily sought to satisfy their burden by borrowing the "Declaration of Purpose" set forth at the beginning of Chapter 2 of Title 16, Virgin Islands Code, Annotated, which governs domestic relations within the territory *and not* aggravated assault and battery, the underlying charge at issue. The "Declaration of Purpose", admittedly reflective of the legislative intent for "Remedies for Domestic Violence", is set forth at V.I. CODE ANN. tit. 16 § 90(a) and states as follows:

(a) The general purposes of this chapter are to:

**(1) Assure *victims* of domestic violence the maximum protection from abuse that the law can provide;**

---

[49] V.I. CODE ANN. tit. 14 § 298(5) (1996 & Supp. 2011).

[50] The Court's two-step approach is discussed *supra* in this Memorandum Opinion.

(2) Create a flexible and speedy remedy to discourage violence and harassment against family members or others with whom the perpetrator has continuing contact;

(3) Expand the ability of the U.S. Virgin Islands Police Department and law enforcement officers to assist *victims*, to enforce the law effectively in cases of domestic violence, and to prevent further incidents of abuse;

(4) Develop a greater understanding within the United States Virgin Islands community of the incidences and causes of domestic violence through data collection;

(5) **Facilitate equal enforcement of the criminal laws of the Territory** by deterring and punishing violence against family members and others who are personally involved with the offenders; and

(6) Recognize that battering is a serious crime which will no longer be excused or tolerated (emphasis added).[51]

Notwithstanding § 90(a)'s unmistakable gender-neutral references, the People still claimed the aforementioned statute was designed to protect "the **majority** victims of domestic violence [who] are women,"[52] and as such, serves as the government's important objective for the gender-biased provisions in 14 V.I.C. § 298(5). However, § 90(a)'s plain gender-neutral provisions only refer to the protection of "*victims*" without any mention as to a "majority" and/or class(es) of persons comprising same. In fact, "victim" is specifically defined in unequivocally gender-neutral terms at V.I. CODE ANN. tit. 16 § 91 (c) as follows:

[A]ny person subjected to domestic violence by a spouse, former spouse, parent, child, or any other person related by blood or marriage, a present or former household member, a person with whom the victim has a child in common, or a person who is, or has been, in a sexual or otherwise intimate relationship with the victim (emphasis added).

Accordingly, the People's assertion that 16 V.I.C. § 90(a)'s gender-indistinct provisions give merit to 14 V.I.C. § 298(5)'s gender-based punishment is wholly unsupported and fails to satisfy their burden of proof.

---

[51] V.I. CODE ANN. tit. 14, § 90(a) (1996) (emphasis added).

[52] *See* Hr'g Tr. 14, Nov. 3, 2011.

■ Switching arguments, the People then contended that the ruling in *Government of the Virgin Islands v. Prescott* provided sufficient legal authority for the constitutionality of 14 V.I.C. § 298(5). According to the People, under *Prescott*, § 298(5) is justified in affording women greater legal safeguards because "as a general rule women are of smaller physical stature and strength than men" and "the sexual classification in the statute, [was] intended to prevent, by means of greater punishment, assault of a type likely to cause serious bodily injury."[53] Reliance by the People on *Prescott*, and Judge Silverlight's "Viva La Difference" opinion, is misplaced for several reasons, including: (1) the Appellate Division of the District Court Virgin Islands, in the *Simmonds* case, rejected the holding in *Prescott* as non-binding;[54] (2) the decision of a Territorial Court Judge is not binding upon any now Superior Court judge [or then Territorial Court judge]; and (3) the *Prescott* Court, contrary to the Supreme Court's equal protection jurisprudence, erroneously utilized the "rational basis" standard of review instead of applying "intermediate" or "heightened" scrutiny.[55] Thus, the People's sole case law authority was again unable to provide an important government interest for enacting 14 V.I.C. § 298(5).

■ Undaunted by two prior unsuccessful attempts to persuade this Court to make conclusions of law without the requisite facts or legal authority, the People conceded that nothing in the legislative history mentions physical differences between the genders or justifies penalizing men more severely for acts of which both sexes are capable, but still pestiferously urged this Court to consider the inherent differences between the physical characteristics of men and women and common observations of the opposite sexes. Ordinarily, arguments relative to "inherent differences" and "common sense" may be acceptable as part of the People's burden; however, the holding in *Simmonds* instructs that those arguments must be supported and accompanied by facts, legislative history and data — none of which the People were able to provide.[56] Thus, arguments based on only common sense and inherent differences, *without more*, will not be accepted because "[t]he mere recitation of a benign, compensatory purpose is not an automatic shield which protects

[53] *Prescott*, 18 V.I. at 110.

[54] *Simmonds*, 55 V.I. at 1074 n. 11.

[55] *Prescott*, 18 V.I. at 112.

[56] *Simmonds*, 55 V.I. at 1074.

19

against any inquiry into the actual purpose underlying a legislative scheme."[57]

As a last-ditch effort, Counsel for the People offered her "own" summary of pending cases assigned to her Domestic Violence Unit during 2011 as a substitute for authenticated and exhaustive complete data and statistics. Not only was Counsel's summary convoluted, but it only addressed domestic violence cases and not "regular" assaults and/or batteries — outside the domestic violence context — of men on women, and vice versa. Moreover, Counsel's summary was based on cases filed and not on convictions of persons accused. Thus, those figures would not justify 14 V.I.C. § 298(5)'s aggravating provisions.

Ironically, the type of data reports and statistics that could plausibly extrapolate justification for making a distinction between the genders is statutorily required to be kept by the Commissioner of Police.[58] Title 16 Virgin Islands Code § 93 states, in pertinent part, at subsections (a), (b), and (c):

> (a) It shall be the duty of a police officer, or other peace officer, who responds to a domestic violence call to complete a Domestic Violence Report, which shall be made part of and attached to the Report of Crime Against Person or Property, and to forward a copy of the entire report to the Department of Justice and the Clerk of the Court of the Family Division of the Superior Court within five (5) days of the alleged incident.
>
> (b) The Domestic Violence Report shall be on a form prescribed by the Police Commissioner which shall include, but not be limited to, the following information:
>
> (1) The relationship of the parties;
> (2) The sex of the parties;
> (3) The time and date the complaint was received;
> (4) The time the officer began investigation of the complaint;

---

[57] Molly Dragiewicz & Yvonne Lindgren, *The Gendered Nature of Domestic Violence: Statistical Data for Lawyers Considering Equal Protection Analysis*, 17 AM. U.J. GENDER SOC. POL'Y & L. 229, 240 (2009).

[58] *See* Title 16 V.I. CODE ANN. § 93 (1996).

(5) Whether children were involved, or whether the alleged act of domestic violence had been committed in the presence of children;

(6) The type and extent of abuse;

(7) The number and type of weapons involved;

(8) The amount of time involved in handling the case and the action taken by the police officer;

(9) The effective date and terms of an Order issued pursuant to this chapter concerning the parties; and

(10) Any other data that may be necessary for a complete analysis of all circumstances leading to the alleged incident of domestic violence.

(c) It shall be the duty of the Police Commissioner to compile and report annually to the Governor and the Legislature on the data tabulated from the Domestic Violence Reports. The report shall include, but not be limited to, the following information:

(1) The total number of domestic violence calls received;

(2) The number of calls made by victims of each sex;

(3) The number of domestic violence calls investigated;

(4) The average time-lapse in responding to these calls;

(5) The types of police actions taken in disposition of these cases, including the number of arrests.

The Court can only surmise that Counsel overlooked those statistics, the data does not support any disparate treatment between the genders, or the statute has not been complied with.

■ Despite the opportunity to fully argue the merits of their position regarding the constitutionality of 14 V.I.C. § 298(5), the People have: (1) failed to locate any legislative intent or legislative history, other than the "Declaration of Purpose" set forth at V.I. CODE ANN. tit. 16 § 90(a), which is a gender-neutral statute; (2) provided insufficient, incomplete and unreliable data to support proffered "inherent differences" and "common sense" arguments; and (3) relied, detrimentally, on erroneous and non-binding authority. Given the foregoing, the offending portion of V.I. CODE ANN. tit. 14 § 298(5) which reads, "being an adult male, upon the person of a female" does not satisfy the "intermediate" or "heightened" judicial

21

standard of review. Accordingly, that offending portion of § 298(5) must be stricken and deemed unconstitutional.

**B. GIVEN WHAT WAS ADDUCED AT THE EVIDENTIARY HEARING, THE ISSUE AS TO WHETHER THE PEOPLE SATISFIED THEIR BURDEN OF PROOF IN ESTABLISHING THE CONSTITUTIONALITY OF 16 V.I.C. § 91(B)(1) AND (2), WHICH ENHANCES A MISDEMEANOR AGGRAVATED ASSAULT AND BATTERY — ADULT MALE UPON AN ADULT FEMALE — TO A FELONY ASSAULT AND BATTERY, WHEN THE ASSAULT AND BATTERY WAS COMMITTED DURING AN ACT OF DOMESTIC VIOLENCE, NEED NOT BE ADDRESSED.**

On its face, 16 V.I. CODE ANN. §§ 90 and 91 are gender-neutral; however, the Defendant argues that the issue of gender discrimination surfaces when those provisions are coupled with the gender discriminatory features of 14 V.I.C. § 298(5), which doles out a harsher penalty for men, and not women, who are facing like circumstances. Specifically, § 298(5) states "whoever commits an assault and battery . . . being an adult male, upon the person of [an adult] female . . . if during an act of domestic violence, as defined in 16 V.I.C. § 91(b), [shall] be fined not less than $1,000 or imprisoned not more than 5 years." Because the maximum punishment is greater than (1) year, an aggravated assault and battery, perpetrated by an adult male upon an adult female, and committed during an act of domestic violence, classifies as a *felony* aggravated assault and battery.

In this opinion, *supra*, this Court struck the constitutionally offensive portion of V.I. CODE ANN. tit. 14 § 298(5). With the offending portion of § 298(5) stricken, the remaining charge in Count I reflects only an assault and battery unattended by any circumstances of aggravation. An assault and battery, unattended by circumstances of aggravation, is statutorily **"simple assault and battery"**, as set forth at V.I. CODE ANN. tit. 14 § 299(2) and is a lesser included offense of § 298, aggravated assault and battery. Count I, now an offense under V.I. CODE ANN. tit. 14 § 299,[59] is no longer susceptible to being enhanced to a felony.[60] Nothing,

---

[59] **Simple assault and battery**. Whoever commits . . . (1) a simple assault; or (2) an assault or battery unattended with circumstances of aggravation — shall be fined not more than $250 or imprisoned not more than six months, or both the imprisoned and fined [sic]. Title 14 V.I. CODE ANN. § 299, *amended by* Act 6730 (1996 & Supp. 2011).

22

however, within this Opinion prevents an act of violence under 16 V.I.C. § 91(b) from being attached to the gender-neutral offense of simple assault and battery, which provides no enhanced incarcerative penalty above that of the predicate offense.[61]

■■ ■■ Because the Defendant no longer faces an enhanced penalty under V.I. CODE ANN. tit. 16 § 91(b)(1) and (2), the Court declines to engage in further constitutional analysis. This declination stems from the Court's responsibility to avoid constitutional questions which are not properly in dispute.[62] The Last Resort Doctrine, as formulated by Justice Brandeis, admonishes courts that, "to decide such questions 'is legitimate only in the last resort, and as a necessity in the determination of real, earnest, and vital controversy between individuals.' "[63] Defendant McGowan, having declined to further challenge the constitutionality of 16 V.I.C. § 91(b) in any context other than when coupled with 14 V.I.C. § 298(5), and because this Court has already struck the portion of § 298(5) which run afoul of the Equal Protection Clause, the constitutionality of V.I. CODE ANN. tit. 16 § 91(b) is no longer before this Court and need not be addressed.

## IV. CONCLUSION

Defendant Nathaniel McGowan challenged the constitutionality of V.I. CODE ANN. tit. 14 § 298(5), separate, and in tandem with V.I. CODE ANN. tit. 16 § 91(b), as being violative of the Equal Protection Clause of the U.S. Constitution, as applied in the U.S. Virgin Islands, because § 298(5) provides a harsher penalty for an assault and battery when perpetrated by an adult male upon an adult female, and not vice versa. This disparity involves, on its face, apparent gender discrimination by the "territorial government." Such discrimination warrants "intermediate" or

---

[60] Accordingly, all the remaining subsections in § 298 are misdemeanors subject to enhancement to a felony if committed during an act of domestic violence pursuant to V.I. CODE ANN. tit. 16 § 91(b).

[61] There may be a collateral consequence for persons who are not citizens of the United States of America.

[62] See e.g., Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 345, 56 S. Ct. 466, 80 L. Ed. 688 (1936).

[63] Id. at 345. See also Burton v. United States, 196 U.S. 283, 295, 25 S. Ct. 243, 49 L. Ed. 482 (1905) (stating "It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

"heightened" judicial scrutiny. To survive said scrutiny, the burden is on the state to demonstrate that the challenged statute serves an important governmental objective and that the statute is substantially related to the achievement of that objective. The People, in the case *sub judice*, were unable to meet that burden. Therefore, the offending portion of § 298(5) was struck and the remaining count was reduced by operation of law to simple assault and battery, a charge that is gender-neutral and not susceptible to being enhanced to a felony. No longer having any viable equal protection challenge(s) with respect to the domestic violence enhancer at 16 V.I.C. § 91(b), further constitutional analysis need not be addressed.