IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
June 27, 2023 11:57 AM
SX-2021-MC-00004
TAMARA CHARLES
CLERK OF THE COURT



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| ADRIAN BENJAMIN <br><br> Petitioner <br><br> v. <br><br> PEOPLE OF THE VIRGIN ISLANDS, EMPLOYEES OF THE BUREAU OF CORRECTIONS and WYNNIE TESTAMARK, ET AL., <br><br> Respondents | Civil No. SX-21-MC-004 <br><br> PETITION FOR WRIT OF HABEAS CORPUS |

### Cite as: 2023 VI SUPER 35U

**Adrian Benjamin, #19-1969**
CCA/Citrus County Detention Facility
#2604 West Woodland Ridge Dr.
Lecanto, Florida 34461

**Attorney Ian S.A. Clement, Esq.**
*Assistant Attorney General*
*Virgin Islands Department of Justice*
#34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, USV.I. 00820

*Senior Sitting Judge Jomo Meade*

### MEMORANDUM OPINION AND ORDER

¶ 1.    **THIS MATTER** is before this Court on the Petition of Adrian Benjamin (hereinafter "Petitioner") seeking a Writ of Habeas Corpus. Because the Petitioner has failed to allege facts which show that he is being lawfully restrained in violation of a constitutional or statutory right, the Petition is **DENIED**.

## FACTUAL BACKGROUND

¶ 2.     On January 23, 2009, several shootings occurred in the Mutual Homes Apartments and neighboring Lorraine village Apartments on St. Croix. George Simpson was shot and killed as a result of the shootings and a number of other persons were injured, a minor identified as R.M., Ismael Jeffers, Jamal Francis and Julian Brown.

¶ 3.     On February 13, 2009, the People filed an Information against Petitioner, and several other co-defendants for their roles in the shootings. On January 31, 2011, a trial by jury began. Before the trial commenced, the People filed a Superseding Information charging Petitioner and the co-defendants with:

> Count I first-degree murder of George Simpson in violation of 14 V.I.C. §922(a)(1) and 923(a); Count II attempted first-degree murder of R.M. in violation of 14 V.I.C. §11(a), 331(1), 922(a)(1), and 923(a); Count III attempted first-degree murder of Ismael Jeffers in violation of 14 V.I.C. §11(a), 331(1), 922(a)(1), and 923(a); Count IV attempted first degree murder of Julian Brown, 14 V.I.C. §11(a), 331(1), 922(a)(1), and 923(a); Count V attempted first degree murder of Jamal Francis in violation of 14 V.I.C. §11(a), 331(1), 922(a)(1), and 923(a): Count VI third degree assault of R.M. with a deadly weapon in violation of 14 V.I.C. §11(a) and 297(2); Count VII third degree assault of Ismael Jeffers with a deadly weapon in violation of 14 V.I.C. §11(a) and 297(2); Count VIII third degree assault of Julian Brown with a deadly weapon in violation of 14 V.I.C. §11(a) and 297(2); Count IX third degree assault of Jamal Francis with a deadly weapon in violation of 14 V.I.C. §11(a) and 297(2) and Count X reckless endangerment in violation of 14 V.I.C. §11(a), and 625(a)

¶ 4.     After three weeks of trial, the Court submitted the case to the jury. On February 23, 2011, the jury found Petitioner guilty of reckless endangerment and unauthorized possession of a firearm but acquitted him of the other charges. The Court declared a mistrial on the lesser included offenses of second-degree murder and four counts on third-degree assault. On June 3,

2

2011, the People filed a Third Redacted Superseding Information charging Petitioner with one count of second-degree murder of George Simpson and four counts of third-degree assault. The second trial began on June 6, 2011, and the jury found Petitioner guilty of second-degree murder and four counts of third-degree assault. The Court sentenced Petitioner to sixty (60) years imprisonment of second degree murder of George Simpson, five years for the third degree assault of R.M., five years for the third degree assault of Ismael Jeffers, five years for the third degree assault of Julian Brown, five years for the third degree assault of Jamal Francis, five years of reckless endangerment and twenty years for the unauthorized possession of a firearm, to run consecutively. The sentence was memorialized in a Judgment and Commitment by the Superior Court on March 14, 2012.

¶ 5.    Petitioner is currently incarcerated at the Citrus County Detention Facility located at 2604 W. Woodland Ridge Drive, Lecanto, Florida but remains under the care and custody of the Virgin Islands Bureau of Corrections and its Director Winne Testamark.

¶ 6.    Petitioner filed this Petition for Writ of Habeas Corpus alleging that the People of the Virgin Islands, the employees of the Virgin Islands Bureau of Corrections ('BOC"), and Director Winne Testamark, et al., are detaining him in violation of his liberty based on the assertion that he received multiple sentences for a single offense.

## THE LEGAL STANDARD

¶ 7.     Under Virgin Islands law, any person who believes that he/she is unlawfully restrained of his/her liberty may seek redress from the Superior Court by filing a petition for a writ of habeas corpus. *Title 5 V.I.C. § 1301; Hab. Corp. Rule 2(a)(1).* The Court must issue the writ if the petition states a prima facie case for relief, and the claims are not legally barred. *Hab. Corp. Rule 2(d)(1).* In determining whether the Petitioner has stated a prima facie case, the Court must consider whether the factual allegations, if true, would entitle the Petitioner to relief. *Hab Corp. Rule 2(b)(1).* When a court grants habeas corpus relief, it may order a remedy other than discharge from incarceration, *Rivera-Moreno v. Gov't of the Virgin Islands,* 61 V.I. 279, 298 (V.I. 2014) and may award a different form of relief or remedy as justice may require. *V.I. Hab. Corp. R. 2(h).*

## ANALYSIS

### A. Petitioner Failed to Establish a Violation of V.I. Code Ann. Tit. 14 §104 or the Fifth Amendment Guaranty Against Double Jeopardy

¶ 8.     Petitioner alleges that his sentence violates the "one crime, one punishment" rule of V.I. Code Ann. Tit. 14 §104 and thus his incarceration constitutes a deprivation of his rights and places an unlawful restraint on his liberty. Petitioner correctly states the principle of V.I. Code Ann. Tit. 14 §104, where he states, "an individual may only be punished for one of the offenses arising out of singe act." However, Petitioner failed to recognize that there were multiple victims related to his offense and there exists a "multiple-victim" exception to V.I. Code Ann. Tit. 14 §104. The Virgin Islands Supreme Court has

found that V.I. Code Ann. Tit. 14 is not violated when a defendant has committed a single act of violence that harmed or risked harming more than one person. *Woodrup v. People of the Virgin Islands*, 63 V.I. 696, 722-23 (V.I. 2015), (finding that the "multiple-victim exception applies" when a defendant commits a single act of violence that harmed or risk harming more than one person), *Williams v. People of the Virgin Islands*, 56 V.I. 821, 830-31(V.I. 2012). Here, Petitioner was found guilty of second degree murder for the death of George Simpson. In addition, Petitioner was found guilty of four counts of third-degree assault on R.M., Ismael Jeffers, Julian Brown, and Jamal Francis, respectively. He was also found guilty of reckless endangerment and the unauthorized possession of a firearm.

¶ 9.     Petitioner also argues his sentence violates double jeopardy because the United States Supreme Court has held that multiple convictions for the same offense constitute an impermissible punishment. The prohibition against being tried twice for the same offense is rooted in the United States Constitution's Fifth Amendment which states, "No person shall.....be subject for the same offense to be twice put in jeopardy of life or limb..." (U.S. Const. amend. V). Petitioner correctly states multiple rules and rights created by the Fifth Amendment, but the facts of his case are not applicable and do not violate the double jeopardy clause. As previously discussed, Petitioner was not convicted of the same offense multiple times. He was convicted of several offenses which involved multiple victims, and he was sentenced for the acts he committed

against each victim and the offences of reckless endangerment and unauthorized possession of a firearm. His sentence was, therefore, lawful under the Laws of the United States Virgin Islands and the United States Constitution.

## CONCLUSION

¶ 10.    There is nothing to indicate that the Respondents are unlawfully depriving the Petitioner of his liberty through the violation of a constitutional or statutory right. Petitioner is not entitled to relief under any ground raised in his Petition. Petitioner failed to state a prima facie case, showing an entitlement to Habeas Corpus relief. Accordingly, it is

**ORDERED, ADJUDGED and DECRRED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**DONE AND SO ORDERED** this **26th** day of June 2023.

**HONORABLE JOMO MEADE**
Senior Sitting Judge of the Superior Court

A T T E S T

**TAMARA CHARLES**
Clerk of the Court
BY: _Sharisse A. Bascombe_
Court Clerk Supervisor

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
June 27, 2023 12:00 PM
SX-2021-MC-00004
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### District of St. Croix

**Adrian Benjamin,**

        **Petitioner**

**v.**

**People of the Virgin Islands et al,**

        **Respondent.**

Case Number: **SX-2021-MC-00004**

Action: **Writ of Habeas Corpus**

## NOTICE of ENTRY
## of
## <u>Order</u>

**To:** Adrian Benjamin

Ian Clement, Esq.

        **Please take notice that on June 27, 2023**

**a(n)**     **Memorandum Opinion and Order**

**dated**    **June 26, 2023**    **was/were entered**

**by the Clerk in the above-titled matter.**

**Dated:**   **June 27, 2023**

**Tamara Charles**

**Clerk of the Court**

By:

**Sharisse Bascombe**
**Court Clerk Supervisor**